**Charlotte L. GIDDINGS, Plaintiff and Appellee,**

v.

**Richard V. GIDDINGS, Defendant and Appellant.**

Civ. No. 9080.

Supreme Court of North Dakota.

April 24, 1975.

Christensen & Baer, Bismarck, for plaintiff in the trial court; no appearance made for plaintiff and appellee in the Supreme Court.

Lundberg & Nodland, Bismarck, for defendant and appellant; argued by Irvin B. Nodland, Bismarck.

ERICKSTAD, Chief Justice.

Unusual problems and circumstances justify unusual treatment.

In this case, Richard V. Giddings appeals from an order of the district court of the County of Burleigh dated the 4th of December 1974 which provided:

" 'IT IS HEREBY ORDERED that the Sheriff of Burleigh County, and the Juvenile Commissioner immediately take into their custody, the minor child of the above named parties, that being: Tracey Michelle Giddings, and return her to the Plaintiff herein who resides within the State of Iowa' ":

and an order dated the 6th of December 1974 which provided:

" 'PURSUANT to the above Notice of Withdrawal, allowance is hereby given to Carma Christensen to withdraw as counsel for the Plaintiff as of this date.' "

The background for this appeal appears to be that Charlotte and Richard Giddings secured a divorce on the 9th day of July 1974 in the State of Iowa. The parts of the decree pertinent to this appeal read:

"5. Petitioner and Respondent have entered into a Stipulation providing for the custody and support of their .minor child and the division of their property interests, and the terms thereof should be and are hereby approved." [Findings of Fact.]

"3. CUSTODY OF CHILD. The Petitioner, Charlotte L. Giddings, shall have the custody and care of the parties' minor child, namely, Tracey Michelle Giddings, subject to reasonable rights of visitation reserved to the Respondent, Richard V. Giddings, as are or will be agreed upon between the parties. However, Respondent shall be entitled to a visitation of one month's duration each year and shall be entitled to a day visitation every other Christmas Season, which visitation shall include Christmas Day. The 1974 month visitation shall take place after the month of August as shall be agreed upon and arranged by the parties. In the year 1974 Respondent shall have the child for the Christmas visitation and then every alternate year thereafter. Respondent shall be responsible for all transportation arrangements and expenses resulting from the above child visitation provisions." [Order for Judgment.]

It further appears that shortly after the decree was issued, Richard took the parties' minor child, Tracey, to Grand Forks and from there to Bismarck.

Apparently when Richard did not return Tracey to Charlotte in Iowa, Charlotte initiated a contempt proceeding in the State of Iowa. Thereafter the Iowa Court issued an order finding Richard in contempt of court for having failed to return Tracey to Charlotte according to the stipulation of the parties.

The pertinent part of the stipulation which the Court referred to in its decree and which the Court concluded Richard had violated reads:

"2. CUSTODY OF CHILD. The Petitioner, Charlotte L. Giddings, shall have the custody and care of the parties' minor child, namely, Tracey Michelle Giddings, subject to reasonable rights of visitation reserved to the Respondent, Richard V.

Giddings, as are or will be agreed upon between the parties. However, Respondent shall be entitled to a visitation of one month's duration each year and shall be entitled to a day visitation very other Christmas season, which visitation shall include Christmas Day. The 1974 month visitation shall take place after the month of August as shall be agreed upon and arranged by the parties. In the year 1974 Respondent shall have the child for the Christmas visitation and then every alternate year thereafter. Respondent shall be responsible for all transportation arrangements and expenses resulting from the above child visitation provisions." Stipulation, pp. 2, 3.

Armed with the decree and the contempt order, Charlotte employed the law firm of Christensen & Baer of Bismarck, North Dakota, and through that firm's efforts, filed an ex parte motion with the district court of Burleigh County which resulted in the order which in effect authorized and directed the sheriff of Burleigh County to take Tracey from her father and place her in her mother's custody for transportation to Iowa.

In compliance with that order, the sheriff took the child into custody whereupon Richard sought to restrain the child's removal to Iowa by filing a writ of habeas corpus with the Burleigh County district court. At the hearing on the petition, counsel for Richard sought to introduce evidence to the effect that Richard had not violated the agreement between the parties as to the custody of the child asserting that the written agreement was really only a subterfuge and that the actual agreement was that Richard was to have custody of Tracey, this agreement having been extracted from Charlotte when Richard threatened to implicate Charlotte in a drug culture.

Counsel further attempted to introduce evidence to prove that it would not be in the best interests of the child to be delivered to Charlotte and removed from the State, and in support thereof, counsel referred the Court to Section 14–09–06, N.D. C.C.

"14–09–06. Priority of custody of father and mother.—The husband and father, as such, has no rights superior to those of the wife and mother in regard to the care, custody, education, and control of the children of the marriage, while such husband and wife live separate and apart from each other, and when they so live in a state of separation without being divorced, the district court or judge thereof, upon application of either, may grant a writ of habeas corpus to inquire into the custody of any minor unmarried child of the marriage, and may award the custody of such child to either for such time and under such regulations as the case may require. The decision of the court or judge must be guided by the rules provided by law for awarding the custody of a minor or the appointment of a general guardian." N.D.C.C.

Unfortunately counsel, who had no time to prepare for this proceeding, did not refer the Court to the Uniform Child Custody Jurisdiction Act which is Chapter 14–14, N.D.C.C., or to the Enforcement of Foreign Judgments Act which is Chapter 28–20.1, N.D.C.C.

When counsel was not permitted to submit testimony in support of his contentions, he attempted to make an offer of proof which the trial court refused to hear.

Being of the opinion that permitting such testimony or even an offer of proof would result in not giving full faith and credit to the decree of the Iowa Court, the judge denied the petition for a writ of habeas corpus and terminated the hearing, allowing costs of $50 to Charlotte.

A further complication of this case is that immediately upon the denial of the petition for a writ of habeas corpus, counsel for Charlotte ex parte sought to withdraw from the case and the Court ex parte grant-

ed that request. When this appeal was taken, counsel was nevertheless served but declined to assume any responsibility for further representation of Charlotte. Consequently, no appearance was made for Charlotte in this Court and no legal presentation was made either on her behalf or on behalf of the trial court and the orders from which the appeal had been taken. Accordingly, the adversary system upon which we normally rely is not functioning.

Because we believe that the welfare of the minor child is of more importance than our rules of procedure, we have decided to render a decision in this matter reaching the merits notwithstanding the procedural problems in this case.

It is our view that a serious error occurred when the Uniform Child Custody Jurisdiction Act was overlooked.

Counsel apparently recognizes that there is no appeal from an order denying a writ of habeas corpus and accordingly seeks to have this Court decide the propriety of the trial court's action in preventing the submission of testimony and an offer of proof relative to the testimony concerning the best interests of the minor child by appealing from the order directing the sheriff to take custody of the child and the order approving withdrawal of counsel.

■ Our concern and the concern of the Legislature is for the welfare of the minor child. Until it is determined in a case wherein the constitutional issue is appropriately raised, briefed, and argued, the Uniform Child Custody Jurisdiction Act encompassed in Chapter 14–14, N.D.C.C., should be resorted to notwithstanding the possible implications of the Full Faith and Credit Clause of Article IV, Section 1, of the United States Constitution.

■ In the instant case, the trial court had jurisdiction under Section 14–14–03, subsections 1, par. b and 1, par. c.

"14–14–03. Jurisdiction.—

"1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree if:

"a. This state (1) is the home state of the child at the time of commencement of the proceeding, or (2) had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;

"b. It is in the best interest of the child that a court of this state assume jurisdiction because (1) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (2) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

"c. The child is physically present in this state and (1) the child has been abandoned or (2) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected, dependent, or deprived; or

"d. (1) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions a, b, or c of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (2) it is in the best interest of the child that this court assume jurisdiction.

"2. Except under subdivisions c and d of subsection 1, physical presence in this state of the child, or of the child and one of the contestants, is not

alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

"3. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody." N.D.C.C.

The Court having assumed jurisdiction to issue the order to the sheriff, it was error for the Court to proceed ex parte in light of the provisions of Section 14–14–04, N.D. C.C.

"14–14–04. Notice and opportunity to be heard.—Before making a decree under this chapter, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child. If any of these persons are outside this state, notice and opportunity to be heard shall be given pursuant to section 14–14–05." N.D.C.C.

In so holding, we are not unmindful of Section 14–14–07, N.D.C.C., relating to the doctrine of inconvenient forum; Section 14–14–08, N.D.C.C., permitting the Court to decline jurisdiction by reason of conduct; Section 14–14–13, N.D.C.C., relating to the recognition of out-of-state custody decrees; and Section 14–14–14, N.D.C.C., relating to the modification of a custody decree of another state.

In other words, we are not intending to prejudge this case but are saying that the trial court should have proceeded pursuant to the provisions of the Uniform Child Custody Act in determining whether it had jurisdiction to act and in deciding the custody issue.

Unless a trial court is willing to permit testimony to determine the best interests of a minor child in a custody dispute, it cannot properly determine jurisdiction or custody.

For the reasons stated herein, we conclude that the trial court erred in granting the ex parte motion of the petitioner directing the sheriff to take custody of the minor child and in permitting withdrawal of counsel ex parte.

Whether under other circumstances it would be error to permit the withdrawal of counsel ex parte, we need not decide today.

Accordingly, the orders of the trial court are reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Although this opinion may not resolve all of the issues of this case for the parties in this case, it may serve in the future as a guide to counsel and judges and thereby hopefully serve the best interests of minor children.

SAND, PAULSON, PEDERSON and VOGEL, JJ., concur.