OPINION OF THE COURT
Dan Lamont, J.
This is a proceeding brought pursuant to Domestic Relations Law §§ 75-n and 75-p for enforcement of an order to show cause and ex parte temporary restraining order dated March 6, 1986, made by the Superior Court of California, County of Los Angeles, directing respondent father to immediately return Justin S. (born Oct. 10, 1982) to the care and custody of petitioner mother. For the reasons which follow, this court holds that the application must be denied because the ex parte California order was not made consistently with the provisions of the Parental Kidnaping Prevention Act or the Uniform Child Custody Jurisdiction Act and because respondent father has not yet been afforded fundamental due process of law — notice and an opportunity to be heard.
The child, Justin Ryan S., was born out of wedlock to the parties on October 10, 1982, in California. Bennett S. is listed as the child’s father on the birth certificate; however, no order of paternity or custody has previously been made. The parties lived together in California until about April 1983.
Between April 1983 and April 1985, the child resided with the petitioner mother in California. During that same two-year period, respondent father lived in New York State for seven months, and spent the rest of the time in California. He wanted the petitioner mother and the child to come to New York State to live with him, allegedly to escape an environment of "drugs, promiscuity, and immorality”.
In April 1985, respondent father took his son for a few days’ visitation in California, but instead brought him to New York State. He claims that the mother was nowhere to be found and that the child was neglected.
The respondent father from April 1985 to present has resided with the child in Middleburgh, New York. He contacted the petitioner mother upon his arrival in New York State, and she has known her son’s whereabouts and spoken with him on the telephone upon numerous occasions. The petitioner mother did not vigorously protest the child’s residing with the father, nor did she commence a custody proceeding until March of 1986. The respondent father was personally served in New York State with the order to show cause and *856 temporary restraining order of March 25, 1986 — only three days before the return date. He has filed a limited appearance contesting jurisdiction of the California court upon the ground that New York is now the "home state” of the child, and he has also filed an answer seeking legal custody of the child. The case was continued by the Superior Court to April 11, 1986, and then to April 25, 1986, with the temporary restraining order to remain in full force and effect.
In April 1986, the petitioner mother also caused the respondent father to be arrested under a custodial interference warrant from California. He has since been released on $500 cash bail, pending extradition proceedings.
THE LAW
The applicable statutes as to interstate enforcement of custody determinations are the Federal Parental Kidnaping Prevention Act (PKPA), and the Uniform Child Custody Jurisdiction Act (UCCJA) which has been enacted by both New York (Domestic Relations Law art 5-a) and California (Cal Civ Code §§ 5150-5174). To the extent that the requirements and/ or procedures of the PKPA and the UCCJA do not directly conflict with one another, or the application of the UCCJA would not be inconsistent with the purposes and policies of the Federal act, the two statutes should be read together. However, under the supremacy clause of the United States Constitution, the Federal act clearly preempts applicable State law in the event of a direct conflict. The Federal Parental Kidnaping Prevention Act (28 USC § 1738A) provides in applicable part as follows:
"§ 1738a. FULL FAITH AND CREDIT GIVEN TO CHILD CUSTODY DETERMINATIONS
"(a) The appropriate authorities of every State shall enforce according to its terms * * * any child custody determination made consistently with the provisions of this section by a court of another State.
"(b) As used in this section, the term * * *
"(3) 'custody determination’ means a judgment, decree, or other order of a court providing for the custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modifications;
"(4) 'home State’ means the State in which, immediately preceding the time involved, the child lived with his parents, a *857 parent, or a person acting as parent, for at least six consecutive months * * *
"(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
"(1) such court has jurisdiction under the law of such State; and
"(2) one of the following conditions is met:
"(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child’s home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons and a contestant continues to live in such State;
"(B) (i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child’s present or future care, protection, training, and personal relationships * * *
"(e) Before a child custody determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child.” (Emphasis added.)
The New York Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A) provides in applicable part as follows:
"§ 75-n. RECOGNITION OF OUT-OF-STATE CUSTODY DECREES
"The courts of this state shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this article or which was made under factual circumstances meeting the jurisdictional standards of this article.
"§ 75-e. NOTICE AND OPPORTUNITY TO BE HEARD
"Before making a decree under this article, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been *858 previously terminated, and any person who has physical custody of the child.
"§ 75-m. FORCE AND EFFECT OF CUSTODY DECREES
"A custody decree rendered by a court of this state which had jurisdiction under section seventy-five-d of this article shall be binding upon all parties who have been personally served in this state or notified pursuant to section seventy-five-f of this article or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. ” (Emphasis supplied.)
The sole issue presented in this enforcement proceeding is whether or not California is exercising jurisdiction substantially in conformity with the Parental Kidnaping Prevention Act and the Uniform Child Custody Jurisdiction Act. This court holds and determines that at this juncture respondent father has not been afforded reasonable notice and an opportunity to be heard and that the California ex parte order dated March 6, 1986 is not entitled to full faith and credit under the Parental Kidnaping Prevention Act or the Uniform Child Custody Jurisdiction Act. Furthermore, there appears a substantial question as to whether California has "home State” jurisdiction for an initial custody determination regarding a child who had resided in New York State for nearly a year before the proceeding for custody was commenced.
This court recognizes that the law abhors child snatching and unilateral lawless self-help, and rightly so. (See, Uniform Child Custody Jurisdiction Act, Domestic Relations Law § 75-b [1] [e]; § 75-i; see also, Parental Kidnaping Prevention Act of 1980, Pub L 96-611 § 7 [a], [b].) The law has a well-established aversion to allowing a party to benefit from his wrongful acts (Matter of Gloria S. v Richard B., 80 AD2d 72, 73 [2d Dept 1981]). However, such aversion clearly does not extend to denying such a party due process of law, nor to the enforcement of ex parte sister State orders made without any notice or opportunity to be heard.
While the respondent father did engage in unilateral self-help when he took the child in April 1985, he has articulated reasons for his action, and more importantly, he has not concealed the child’s whereabouts from the natural mother. He did not take the child in violation of any court order or decree of custody, and the mother has permitted his de facto physical custody by her failure to commence a California custody proceeding within the six-month period permitted by *859 the Parental Kidnaping Prevention Act (28 USC § 1738A [c] [2] [A]) and the Uniform Child Custody Jurisdiction Act (Domestic Relations Law § 75-d [1] [a] [ii]). The temporary ex parte order directing return of custody to the mother certainly does not preserve what has become the status quo for this child of 3Vi years who does not even remember California.
This court is mindful of the serious and important purpose of the Parental Kidnaping Prevention Act and the Uniform Child Custody Jurisdiction Act to deter abductions and concealment and unilateral removals of children and to facilitate enforcement of custody decrees of sister States. Although the decision herein was made expeditiously because the natural mother has traveled to New York State from California, the decision was not made lightly. The legal and jurisdictional, as well as the practical effect of the respondent father’s unilateral removal of the child from California has been dissipated by the inaction, if not acquiescence, on the part of the mother, and the ex parte order sought to be enforced is lacking in fundamental due process of law, and was not obtained in conformity with the provisions of the Parental Kidnaping Prevention Act and the Uniform Child Custody Jurisdiction Act. Where the natural parents have an equal right to custody of an out-of-wedlock child prior to an initial custody determination, and the respondent father has had de facto physical custody for nearly a year, he should not and cannot be deprived of such custody without notice and an opportunity to be heard.
Accordingly, the petition to enforce the ex parte temporary order of custody dated March 6, 1986, rendered by the Superior Court of California, Los Angeles County, is hereby denied and dismissed.