*534 OPINION OF THE COURT
Dan Lamont, J.
Petitioner father brings this proceeding pursuant to Domestic Relations Law §§ 75-n and 75-p for enforcement of an ex parte temporary order of the Superior Court of New Hampshire dated October 2, 1986, awarding him temporary custody of the two children of the parties. For the reasons which follow, this court holds and determines that the application must be denied because the ex parte New Hampshire order was not made consistently with the provisions of the Federal Parental Kidnaping Prevention Act or the Uniform Child Custody Jurisdiction Act because neither the respondent mother nor the respondent maternal grandmother (who has physical custody of the children) have been afforded fundamental due process of law — reasonable notice and an opportunity to be heard.
Petitioner father and respondent mother have two children: Jason M. (age 7) and Jessica M. (age 4). Up until July of 1986, the children resided with their parents in the State of New Hampshire. New Hampshire is clearly the residence of the parents and the "home State” of the children.
In July 1986, respondent mother removed the children from the State of New Hampshire to visit their maternal grandmother, Marion C., in Cobleskill, New York. When respondent mother returned to New Hampshire, she left the children in New York State with respondent maternal grandmother.
The petitioner father and respondent mother were experiencing marital difficulties. The respondent maternal grandmother kept the children with her and enrolled Jason in school because the parents’ marital difficulties "rendered the atmosphere at the marital residence extremely hostile and unfit for the children”.
In September 1986, petitioner father commenced a matrimonial action in the State of New Hampshire, County of Grafton. The ex parte temporary order made by the Superior Court of the State of New Hampshire on October 2, 1986, provides in applicable part as follows:
"Pending a further hearing, the Court makes the following temporary orders, ex parte:
"A. Plaintiff is awarded temporary custody and maintenance of the minor children * * *
"E. Defendant is enjoined from removing the children from the State of New Hampshire.” (Emphasis added.)
*535 Neither the respondent mother nor the respondent maternal grandmother (a person who has physical custody of the children) have ever been served with any legal process from the Superior Court of the State of New Hampshire or afforded any notice or opportunity to be heard relative to the petitioner father’s application for a temporary order.
THE LAW
The applicable statutes as to interstate enforcement of custody determinations are the Federal Parental Kidnaping Prevention Act (PKPA), and the Uniform Child Custody Jurisdiction Act (UCCJA) — which has been enacted by both New York (Domestic Relations Law art 5-A) and New Hampshire (Rev Stats Ann §§ 458-A:12 — 458-A:25). To the extent that the requirements and/or procedures of the PKPA and the UCCJA do not directly conflict with one another, or the application of the UCCJA would not be inconsistent with the purposes and policies of the Federal act, the two statutes should be read together in the aggregate. However, under the supremacy clause of the United States Constitution, the Federal act clearly preempts applicable State law in the event of a direct conflict.
The Federal Parental Kidnaping Prevention Act (28 USC § 1738A) provides in applicable part as follows:
"§ 1738A. Full faith and credit given to child custody determinations
"(a) The appropriate authorities of every State shall enforce according to its terms * * * any child custody determination made consistently with the provisions of this section by a court of another State.
"(b) As used in this section, the term * * *
"(3) 'custody determination’ means a judgment, decree, or other order of a court providing for the custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modifications * * *
"(e) Before a child custody determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child. ” (Emphasis added.)
The New York Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A) provides in applicable part as follows:
*536 "§ 75-n. Recognition of out-of-state custody decrees
"The courts of this state shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this article or which was made under factual circumstances meeting the jurisdictional standards of this article * * *
"§ 75-e. Notice and opportunity to be heard Before making a decree under this article, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child.
"§ 75-m. Force and effect of custody decrees
"A custody decree rendered by a court of this state which had jurisdiction under section seventy-five-d of this article shall be binding upon all parties who have been personally served in this state or notified pursuant to section seventy-five-f of this article or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. ” (Emphasis added.)
CONCLUSIONS OF LAW
The sole issue presented in this enforcement proceeding is whether or not the Superior Court of the State of New Hampshire in making the ex parte temporary order of custody was exercising jurisdiction substantially in conformity with the PKPA and the UCCJA. Because neither the respondent mother nor the respondent maternal grandmother who has physical custody of the children were afforded any notice whatsoever — much less an opportunity to be heard, this court holds and determines that the New Hampshire ex parte order dated October 2, 1986 is not entitled to full faith and credit under the PKPA or the UCCJA. (See, Matter of Sherry Ann F. v Bennett S., 131 Misc 2d 854 [Fam Ct, Schoharie County 1986].)
The purposes and policies of the PKPA and the UCCJA clearly do not extend to the enforcement of ex parte sister State orders made without any notice or opportunity to be heard; in fact, both the PKPA and the UCCJA expressly and explicitly require reasonable notice and an opportunity to be heard as a condition of full faith and credit enforcement.
This court recognizes that the State of New Hampshire is *537 the marital domicile of the petitioner father and respondent mother, and recognizes that New Hampshire is clearly the "home State” of the children pursuant to the provisions of both the PKPA and the UCCJA. Interestingly, the ex parte temporary order of October 2, 1986 enjoins the defendant from removing the children from the State of New Hampshire at a time they had already been gone from New Hampshire for approximately three months. Perhaps the New Hampshire court was not fully apprised of the true situation — including the fact that the maternal grandmother then had physical custody of the children in New York State. In any event, this court recognizes its sworn duty to recognize and enforce a child custody determination made by the Superior Court of the State of New Hampshire after reasonable notice and an opportunity to be heard are granted to the respondent mother and the respondent maternal grandmother who has physical custody of the children.
The petition to enforce the ex parte temporary order of custody dated October 2, 1986, made by the Superior Court of New Hampshire, County • of Grafton, is hereby denied and dismissed.