■ In the Matter JOHN WELLS, Appellant, v THERESA VAN COUTREN, Respondent. [606 NYS2d 295] —In a custody proceeding, the petitioner paternal grandfather appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated September 13, 1993, which granted the mother's motion to dismiss the proceeding.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the issue of custody.

In this custody proceeding, the petitioner paternal grandfather seeks custody of his three grandchildren from the respondent, the children's natural mother. From 1988 until May 1991 the mother had custody of the three children, who were all born and raised in Pennsylvania. However, in May 1991 after the children told their father, who at this time was a Maryland resident, of incidents of abuse and neglect, the father commenced an action in Maryland for a change of custody. The mother voluntarily agreed to relinquish custody to the father.

Unfortunately, in November 1991 the father was diagnosed as having cancer. In June 1992 the father's condition worsened and he and the children went to live with the grandfather in Suffolk County. In July 1992 the father died. Shortly thereafter, on July 15, 1992, the mother brought a proceeding for custody in Pennsylvania. In turn, the grandfather filed a petition for custody in Family Court, Suffolk County. In an order dated December 18, 1992, the Family Court, after holding a hearing on jurisdiction, remitted the matter to Pennsylvania for a determination of custody. The court held that "[f]or jurisdictional purposes, New York's connection with the issue is purely transitory". Thereafter, in the Pennsylvania

court, the grandfather's application for custody was dismissed based upon lack of standing, and the court directed that the children be returned to the mother. As a result of the determination of the Pennsylvania court, in June 1993, the grandfather filed the instant petition in the Supreme Court, Suffolk County, requesting, *inter alia,* that the New York courts assume jurisdiction. In the order appealed from, the proceeding was dismissed. We reverse.

The Federal Parental Kidnaping Prevention Act (28 USC § 1738A [e]) states: "Before a child custody determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child". At bar, since the grandfather never had an "opportunity to be heard", we decline to recognize and enforce the Pennsylvania determination on due process grounds *(see, Matter of Priscilla S. v Albert B.,* 102 Misc 2d 650; *Matter of Joel M. v Karen M.,* 133 Misc 2d 533; *Matter of Sherry Ann F. v Bennett S.,* 131 Misc 2d 854). Moreover, we note that the Supreme Court should have held a hearing to determine whether it should have exercised its emergency jurisdiction. The record establishes that one of the children threatened to commit suicide if returned to the mother, and there was objective evidence to support this claim. Accordingly, the matter is remitted to the Supreme Court for a full evidentiary hearing on the issue of custody. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.