*190 OPINION OF THE COURT
Philip C. Segal, J.
In this proceeding under the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A) commenced by the child’s adult sibling, the respondent parents move to dismiss the petition on the ground that New York is not the child’s "home state” (see, id., § 75-d [1] [a] [i]) and that the court, therefore, lacks subject matter jurisdiction. For the following reasons, the motion is denied.
Petitioner and the Law Guardian set forth that (i) respondents physically and sexually abused their 15-year-old daughter, Marcelle, in their home State of Florida, (ii) the child is suicidal, (iii) respondents refuse to provide psychotherapy for the child, and (iv) the child recently fled to New York and refuses to go home. The Florida child welfare authorities conducted an investigation of the child abuse allegations and determined them to be "groundless and untrue.” However, said investigation was not a proper or thorough one, and the Florida child welfare authorities never even interviewed the child. (Cf., Matter of Bennett v Jeffreys, 40 NY2d 543, 549 [1976] [warning against the "obsequious or routine” reliance on social work reports in custody proceedings in which "experts * * * express opinions which may be subjective or are not narrowly controlled by the underlying facts”].)
In litigation respondents commenced after the present proceeding was filed in New York, the Florida Circuit Court purported to assert jurisdiction over this custody matter and granted respondents’ ex parte application for temporary custody of the child. However, the Florida court’s order was based solely on respondents’ affidavits and the patently insufficient child welfare investigation. Further, the Florida court failed to appoint a Law Guardian to represent Marcelle, thereby completely preventing the child from being heard. Finally, despite knowledge of the pendency of the present proceeding, the Florida court assumed jurisdiction, granted temporary custody to respondents and took these actions without first communicating with this court—all in violation of Florida’s version of the Uniform Child Custody Jurisdiction Act. (Fla Stat Annot § 61.1314; Hickey v Baxter, 461 So 2d 1364 [D Fla 1984].)
Given the foregoing and notwithstanding that Marcelle’s "home state” actually is Florida, her interests require that this court assume "emergency jurisdiction”, order that the child *191 remain in petitioner’s temporary care in New York, and determine custody on the merits. (See, Domestic Relations Law § 75-d [1] [d] [i]; 28 USC § 1738A [c] [2] [C] [ii]; Matter of Wells v Van Coutren, 200 AD2d 577 [2d Dept 1994].) Under the Uniform Child Custody Jurisdiction Act, New York is not precluded from exercising jurisdiction because the custody litigation was commenced here first. (Domestic Relations Law § 75-g; see, Vanneck v Vanneck, 49 NY2d 602 [1980].)