Defendant-appellant Bernard Green appeals from orders of the juvenile court in this multi-state child custody and support action. We vacate the judgment of juvenile court because the record shows service of process was never properly completed, and such defect was repeatedly objected to and not waived.
On April 10, 1996, plaintiffs-appellees Eva Lucas, mother, and Erica Green, minor daughter, filed in the Cuyahoga County Common Pleas Court Juvenile Division a "petition to adopt a foreign decree." Attached to the petition was an August 18, 1992 order of an Allegheny County, Pennsylvania, Common Pleas Court Family Division recognizing that defendant admitted paternity of the child. Plaintiffs requested the Ohio juvenile court adopt the Pennsylvania order; assume jurisdiction under R.C. 3109.22(A), Ohio's version of the Uniform Child Custody Jurisdiction Act ("UCCJA"); and award her sole parental rights and responsibilities. The trial court immediately granted ex parte — before any attempt at service on defendant — the petition to adopt foreign decree.
On April 29, 1996, plaintiffs thereafter filed a motion to modify child support. Plaintiffs argued there had been a change in circumstances since the Pennsylvania court last modified defendant's child support obligation to $1,800 per month plus $600 per month in an education fund, and that such amount was below the Ohio child support guidelines. On the same date, plaintiffs also filed a three-part motion to show cause, for counsel fees, and to determine child support arrearage.[1] They also filed a separate document captioned application for sole allocation of parental rights and responsibilities (the "application for custody").
Each document, that is, (1) the original petition, (2) the motion to modify support, (3) the motion to show cause, and (4) the application for custody, contained a certificate of service reciting that the document was sent by the clerk of the Cuyahoga County juvenile court by certified mail to defendant at an address in Orlando, Florida. The record shows, however, that only one certified mailing was ever attempted in this case.
The record contains the entire packet of material sent by certified mail. The envelope contained a summons attached to a copy of the application for custody. The summons was dated June 4, 1996, file stamped by the clerk of court on June 7, 1996, and post marked on June 10, 1996. It summoned defendant to appear and defend only the application for custody at a hearing scheduled two weeks thereafter on June 25, 1996. No attempt was ever made to serve the original petition to adopt foreign decree, the motion to modify child support, or the three-part motion to show cause.
The envelope containing the summons and application for custody was returned "unclaimed," with a sticker affixed to it by the post office to advise the clerk of a new address for defendant in Fort Lauderdale, Florida. The juvenile court's docket sheet specifically contains the notation: "Summons returned withoutservice." No attempt was made to send another summons to defendant by ordinary mail at the Orlando address, by certified mail at the Fort Lauderdale address, or to otherwise complete service in any manner.[2]
On June 25, 1996, counsel for defendant filed a written motion to dismiss arguing, inter alia, that the juvenile court "lacks jurisdiction over the person of the defendant" and "has insufficiency of service of process." See Civ.R. 12(B)(2) and Civ.R. 12(B)(5), respectively. Plaintiffs' brief in opposition focused on an argument made by defendant concerning lack of subject matter jurisdiction, but did not address his arguments concerning lack of service or lack of personal jurisdiction.
Plaintiffs amended their brief in opposition to correct by two years the date they allegedly moved to Cuyahoga County, Ohio, but again made no response to the asserted lack of service or personal jurisdiction over defendant. Defendant's reply brief specifically pointed out that plaintiffs failed to respond to his arguments concerning the defects in service and personal jurisdiction.
Without ruling on the pending motion to dismiss, the trial court again granted the petition to adopt foreign decree, this time after consulting with the Pennsylvania court judge, and ordered that "the issues of custody and support shall be set for hearing forthwith." A subsequent notice of the hearing date scheduled on the custody motion, sent by ordinary mail to defendant at the Miami address, was marked "return to sender incomplete address."
Nevertheless, the matter proceeded to the scheduled hearing on custody of the child. Defendant's attorney appeared and, according to the transcript and magistrate's report, noted a "continuing the [sic] objection to jurisdiction of this court." The magistrate did not rule on the jurisdictional arguments, but by journal entry granted the mother's application for sole parental rights and referred the matter to another magistrate "for hearing on all pending motions concerning child support."
Despite the fact that the summons and application for custody were returned unserved and no attempt had been made to serve anything asserting a claim for monetary relief, the juvenile court subsequently prepared notice of the hearing scheduled for the motion to modify child support. The record contains the notice mailed by ordinary mail to defendant at the Miami address, stamped "return to sender insufficient address." The ordinary mail notice sent to defendant at the Orlando address was stamped "return to sender forwarding order expired." The juvenile court clerk's office prepared a notice to counsel for all the parties that a notice addressed to defendant in Miami was returned unserved. Counsel for plaintiffs signed one of the copies of the court's failure of service notices in the file.
Although no service of any document requesting monetary relief was made on defendant, the motion to modify child support proceeded to a hearing before a magistrate. During the first day of the hearing, on February 7, 1997, defense counsel renewed his objections to the jurisdictional defects he had previously raised. The magistrate made no ruling on the pending motion to dismiss.
On March 20, 1997, when the hearing recommenced, defendant filed another written motion to dismiss. The motion specifically noted that defendant filed a motion to dismiss at the outset of the case. The renewed motion to dismiss again argued, inter alia,
plaintiffs "never perfected service of process upon the defendant and therefore, this Court is without in personam jurisdiction over the defendant." The motion also argued, for the first time, that venue was improper because a serious question existed, based on discovery during the action, whether plaintiffs ever lived in Cuyahoga County, Ohio after they filed their original papers.[3]
Plaintiffs filed a brief in opposition, captioned "response to defendant's third motion to dismiss." Plaintiffs' response argued defendant never claimed lack of service, the court had already orally concluded at a hearing that service had been perfected, and defendant waived the lack of service by conducting discovery, receiving continuances, and defending against the claims. The magistrate finally issued an order denying the motion to dismiss, to which defendant filed timely objections.
The hearing on the motion to modify child support continued over the course of several more days. Before the final day of the hearing, the trial judge approved the exercise of jurisdiction over defendant by denying his motion to set aside the magistrate's order denying his motion to dismiss. Following the conclusion of the child support modification hearing, the parties submitted written closing arguments. Defendant, as he had throughout the proceedings, continued to preserve his claims concerning lack of service and personal jurisdiction.
The magistrate ultimately issued an order awarding total current annual child support of $402,377 less approximately $5,000 in credits, or $33,531 per month, an increase of more than 1300% over the Pennsylvania court's most recent modification one year earlier. Alternatively, the magistrate ordered defendant to purchase an annuity to pay the child $3,500 per month until she reached eighteen years of age. The magistrate's award did not address whether child support should be made retroactive to the date the motion was filed in court, with no attempt ever having been made to serve the motion.
Each party filed objections to the magistrate's support order. Plaintiffs objected that the magistrate did not make the award retroactive. The trial court thereafter disapproved the magistrate's report in part, and referred the matter back to the magistrate for findings and recommendations on the retroactivity issue.
The magistrate ultimately addressed the matter of retroactivity of child support in a report filed January 29, 1998. The report made the same substantive recommendations as the prior report, including that defendant had to either pay support of $402,377 per year or purchase an annuity, the day before the filing of the magistrate's report. The trial judge adopted the magistrate's report, despite having granted defendant leave to file objections until after the court prepared transcripts of the hearings. Defendant filed a notice of appeal from the trial court's judgment in Court of Appeals Case No. 74295.
Defendant subsequently obtained the transcripts and filed his objections to the magistrate's report as amended. Defendant again specifically reiterated his Civ.R. 12(B)(5) lack of service and Civ.R. 12(B)(2) lack of personal jurisdiction arguments. The trial judge overruled his objections and ordered the magistrate's decision adopted as orders of the court. Defendant appeals from this ruling in Court of Appeals Case No. 74913.
Defendant also filed a motion in the juvenile court for relief from judgment under Civ.R. 60(B)(1). His motion again specifically preserved his jurisdictional arguments, but also challenged as a mistake the magistrate's order requiring him to purchase an annuity before the report was filed.
Plaintiffs opposed defendant's motion for relief from judgment. Defendant's reply again made his jurisdictional arguments and attached a photocopy of the certified mail return receipt, filed by the juvenile court clerk, which was returned unserved at the outset of the case. The trial court denied defendant's motion for relief from judgment. Defendant appeals from this ruling also in Court of Appeals Case No. 74913.
This court consolidated these appeals for briefing, hearing, and disposition. Defendant raises five assignments of error. Because the second assignment is dispositive, however, the remaining assignments are moot and we decline to address them pursuant to App.R. 12(A)(1)(c).[4] See e.g., In the Matter ofThomas (June 15, 1995), Cuyahoga App. Nos. 67520 and 67523, unreported at p. 3; In re Shelton (Sept. 30, 1997), Trumbull App. No. 97-T-0075, unreported at p. 3; Hansen v. Hansen (1985).21 Ohio App.3d 216, 219.
Defendant's second assignment of error follows:
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FAILING TO SPECIFICALLY RULE UPON GREEN'S MOTION TO DISMISS BASED UPON THE TRIAL COURT'S LACK OF IN PERSONAM JURISDICTION.
This assignment is well taken in part.
Defendant argues that he was not properly served with a summons and complaint in this matter. See Civ.R. 12(B)(5). He also argues that he did not have sufficient "minimum contacts" with Ohio for the juvenile court to exercise in personam jurisdiction over him consistent with constitutional standards of due process. See Civ.R. 12(B)(2). Because the failure to properly serve defendant renders void ab initio all orders entered by the juvenile court, we need not express any opinion on the constitutional issues of whether defendant had sufficient minimum contacts with Ohio, or whether such contacts are even necessary in this case.
It is well established that for a court to acquire jurisdiction over a party, there must be proper service of a summons and complaint or, on the other hand, the party must have entered an appearance, affirmatively waived service, or otherwise voluntarily submitted to the court's jurisdiction. Maryhew v.Yova (1984), 11 Ohio St.3d 154, 156-157; see also State ex rel.Ballard v. O'Donnell (1990), 50 Ohio St.3d 182, 183. The record shows that none of these events occurred in the case at bar.
In Sampson v. Hooper Homes, Inc. (1993), 91 Ohio App.3d 538, the court succinctly summarized the fundamental requirement of service of process as follows:
 Completion of original process is necessary to clothe the trial court with jurisdiction to proceed. Thus, where service of process has not been accomplished, any judgment rendered is void ab initio.
Id. at 540; accord Rondy v. Rondy (1983), 13 Ohio App.3d 19, 22;State ex rel. Ballard v. O'Donnell, supra.
Juv.R. 16 specifically governs service of original process in juvenile court proceedings. It incorporates by reference specified provisions from the Civil Rules governing service of process. In the Matter of Thomas, supra.
Civ.R. 4.3(B) governs service of process out-of-state. As noted above, it is undisputed that the certified mail summons and application for custody was returned unserved in this case. The envelope was returned "unclaimed"; the trial court's docket sheet specifically notes: "Summons returned without service." Under these circumstances, Civ.R. 4.3(B)(1) provides in pertinent part as follows:
 * * * If the envelope is returned with an endorsement showing failure of delivery, the clerk shall forthwith notify, by mail, the attorney of record, or if there is no attorney of record, the party at whose instance process was issued. He shall enter the fact of notification on the appearance docket. The clerk shall file the return receipt or returned envelope in the records of the action. If the envelope is returned with an endorsement showing failure of delivery, service is complete when the attorney or serving party, after notification by the clerk, files with the clerk an affidavit setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of the party to be served.
The record in the case at bar shows that no one — not Lucas, not her attorney, not the guardian ad litem appointed for the child — filed an affidavit "setting forth facts indicating the reasonable diligence utilized to ascertain the whereabouts of" defendant.
No attempt was ever made to serve defendant at the Fort Lauderdale address provided by the post office when it returned unserved the original certified mail sent to him in Orlando. Moreover, the zip code provided for the Orlando and Miami addresses was identical and mail sent to each address was repeatedly returned undelivered to the juvenile court. Without an affidavit describing reasonable diligence to identify defendant's whereabouts, and without further attempt of any kind to serve defendant with a summons and complaint in this case, service was not complete in accordance with the rules. Accord, e.g., Safranekv. Safranek (July 30, 1998), Cuyahoga App. No. 72870, unreported at pp. 11-12 (recognizing that service of process could also be completed by ordinary mail under Civ.R. 4.6(D), rather than filing an affidavit of reasonable diligence under Civ.R. 4.3(B)(1)).
Defendant, at the outset, and repeatedly throughout the proceedings, objected to this failure of service of original process. See Civ.R. 12(B)(5). Inexplicably, counsel for Lucas completely ignored this defect when she responded to defendant's first motion to dismiss and made no effort to cure the lack of service. Civ.R. 4.6(E) specifically provides that "the attorney of record or the serving party shall be responsible for determining if service has been made and shall timely file written instructions with the clerk regarding completion of service * * *" Maryhew v. Yova, supra at 159.[5]
This court has repeatedly held, contrary to plaintiffs' argument, that "failure of proper service is not a minor, hypertechnical violation of the rules." E.g., Nash v. Rhodes
(Dec. 16, 1993), Cuyahoga App. No. 64428, unreported at p. 11 (quoting Cleveland v. Ohio Civil Rights Comm. (1988), 43 Ohio App.3d 153, [157]). This is a simple case because plaintiffs utterly failed to complete required service throughout the proceedings. Not only was service incomplete on the application for custody, but no service was made or attempted on any of the batch of other following documents: (1) the original petition to adopt foreign decree, (2) the motion to modify support, or (3) the three-part motion to show cause. As a result, no summons and motion was effectively served by the clerk of court to give rise to jurisdiction over any issue. Accord, In re Shelton, supra at p. 3.
Service of original process to commence the proceedings, which is jurisdictional and governed by Juv.R. 16 and Civ.R. 4.1 through 4.6, must be distinguished from service of papers after jurisdiction has attached. Juv.R. 20; Civ.R. 5. Not only did plaintiffs fail to obtain service on defendant by the juvenile court clerk of any of these four documents to initiate the proceedings, but the clerk and plaintiffs also failed to serve any of them on defendant's attorney. Plaintiffs have not cited a single case where any court of law anywhere in the nation overlooked the failure of the clerk or party to serve a summons and/or complaining document when this failure was timely and repeatedly objected to as in this case.
This court has repeatedly held that, without proper service of original process, the subsequent service of documents and/or notices, even when made by the clerk of court rather than a party, is insufficient to confer jurisdiction on the court. For example, notices of pretrials mailed by the court do not constitute service of a summons and complaint. Harrell v. Guest
(1986), 33 Ohio App.3d 163, 164. Telephone and/or mail notices of scheduled hearings are likewise insufficient. E.g., Lash v. Lash
(Mar. 21, 1990), Cuyahoga App. Nos. 56155, 56837, and 57816, unreported at pp. 7-8. Subsequent notices were not even served in this case.
Instead of taking any action to correct the obvious defect and complete service of original process on defendant, Lucas argued that defendant appeared, waived defective service, or voluntarily submitted to the court's jurisdiction by engaging in discovery, requesting continuances, and defending on the merits after the juvenile court denied his motion to dismiss. Juv.R. 22 and Civ.R. 12 govern the raising and waiver of defenses. Because Juv.R. 22 does not expressly govern waiver, however, Juv.R. 45(B) permits us to resort to Civ.R. 12(H). Civ.R. 12(H) provides that a party waives certain defenses, such as insufficiency of service of process or lack of jurisdiction over the person, by failing to timely raise them by motion or answer. A party properly raises these defenses, and does not appear or voluntarily submit to a court's jurisdiction, by asserting them in a motion to dismiss at the outset of the case as in the case at bar. Maryhew v. Yova
(1984), 11 Ohio St.3d 154, 156-157.
Each case cited in the juvenile court by Lucas in support of her argument to the contrary is distinguishable. In three of the five cases, the defendant never objected in any way to the lack of service. Carson v. Carson (1989), 62 Ohio App.3d 670, 673;Cooper v. Cooper (1983), 10 Ohio App.3d 143, 145; and Longshorev. White (May 19, 1994), Cuyahoga App. No. 66363, unreported at p. 4. In the fourth case, defendant filed a request for production of documents before filing a motion to dismiss. Josephv. Lastoria (Oct. 31, 1988), Clermont App. No. 88-05-040, unreported at p. 2.
The fifth case cited by Lucas did not even involve a lack of service. In Garnett v. Garnett (Aug. 7, 1986), Cuyahoga App. No. 50857, unreported, it was undisputed that defendant was served by certified mail. Id. at p. 1. The court held merely that he waived the requirement of the civil rules that service be made by the clerk of court rather than by counsel for a party. No such issue is involved in this case because defendant was never served with original process, either by the clerk of court or any party.
On appeal, Lucas has cited two additional cases which also do not involve claims of lack of service. The court in InternationalLottery, Inc. v. Kerouac (1995), 102 Ohio App.3d 660, expressly recognized that defendant "never questioned service of process."Id. at 667. The issue was whether defendant was representing himself pro se, so that he could disavow action by his counsel who filed an answer and counterclaim without raising such defense. In the case at bar defendant immediately filed a motion to dismiss and did not waive his defense by omitting it in his answer or by seeking affirmative relief.
Finally, Sontag v. Sontag (Apr. 15, 1981), Hamilton App. No. C-800223, unreported, likewise involved no claim of lack of service of process. The defendant was served; the court held that defendant "received a copy of the motion." Id. at p. 1. Instead, the issue was whether defendant subsequently received notice of a UCCJA custody hearing sufficiently in advance of the hearing to comply with the 20-day statutory requirements under R.C.3109.23(C). The Sontag court specifically recognized, contrary to Lucas' argument, that (1) defendant never claimed a lack of jurisdiction and (2) the trial court had granted defense counsel's specific request to enter a general appearance so as to waive any jurisdictional defect before participating in the trial on the merits.
Lucas' main contention is that a defendant waives a claim of lack of service of process and voluntarily submits to the court's exercise of jurisdiction by defending on the merits of the claim. However, the Supreme Court has specifically rejected the argument that defending the merits of a claim, after the court has rejected a timely defense of lack of jurisdiction over the person, waives the jurisdictional defense. State ex rel. Rhodesv. Solether (1955), 162 Ohio St. 559, syllabus paragraph two, specifically provides as follows:
 A defendant in an action, who at the first opportunity appears only for the purpose of objecting to the jurisdiction of the court either as to subject matter or person, is not, upon the overruling of such objection, bound to rely solely upon his exception thereto but may make a full defense in the action without waiving his objection as to jurisdiction, either in the trial court, the Court of Appeals, or the Supreme Court.
The dissent makes the far-reaching suggestion that no service is necessary in UCCJA cases. The dissent begins by confusing in personam jurisdiction with service of process. Civ.R. 12(B)(2) expressly recognizes lack of jurisdiction over the person as a defense, whereas Civ.R. 12(B)(5) expressly governs service of process. It is not clear why the Civil Rules would have these two separate subsections if — as the dissent contends — the two concepts were the same.
Contrary to the dissent's argument, we do not conclude "that the Juvenile Court lacked jurisdiction of this matter because it did not have personal jurisdiction of the father." (Infra at p. 1.) We expressly declined to address any due process constitutional issue of personal jurisdiction minimum contacts, supra at p. 10, because the issue is irrelevant and not necessary to decide the case. See Hal Artz Lincoln-Mercury, Inc. v. FordMotor Co. (1986), 28 Ohio St.3d 20, syllabus paragraph two. Instead, we find — and the dissent does not dispute — that plaintiffs never completed service. When service is not completed as required by law, the court does not even arguably obtain jurisdiction over the party, so it is unnecessary to address constitutional issues concerning the exercise of jurisdiction.
By putting the cart before the horse and focusing solely on the latter issue, the dissent suggests that service is not required in cases involving the UCCJA. This argument is literally unprecedented and not supported by any of the five cases cited.Martinez v. Reed (La.App. 1986), 490 So.2d 303, 304, 307,Schroeder v. Vigil-Escalera Perez (1995), 76 Ohio Misc.2d 25, 29,30, 35-37, and McAtee v. McAtee (W.Va. 1984), 323 S.E.2d 611, 613, each involved completed service; the first and second by certified mail, and the third by publication and mail.
Neither Hart v. Hart (N.C.App. 1985), 327 S.E.2d 631, norLewis v. Lewis (Mar. 18, 1997), Franklin App. No. 96APF07-868, unreported, involved any issue of service. It is noteworthy that in Lewis, the parties expressly agreed to the court's exercise of jurisdiction. Id. at p. 1, 3. Ironically, the court in Schroeder
specifically mentioned the distinction between service of process and in personam jurisdiction, a distinction which the dissent ignores in the case at bar:
 Sufficiency of service of process as discussed above, however, must be distinguished from the concept of in personam jurisdiction.
Id. at 37.
More importantly, the UCCJA does not dispense with the requirement of service. To the contrary, R.C. 3109.23
specifically provides as follows:
 (A) Before making a parenting decree, the court shall give reasonable notice * * * to the contestants. * * * If any of these persons * * * is outside this state, notice and opportunity to be heard shall be given in accordance with division (B) of this section.
 (B) Notice required for the exercise of jurisdiction over a person * * * outside this state shall be given either in accordance with the Rules of Civil Procedure governing service of process within this state or by one of the following methods:
 (1) In the manner prescribed by the law of the place in which the service is made for service of process in that place in an action in any of its courts of general jurisdiction;
 (2) As directed by the court, including publication, if other means of notification are ineffective.
 (C) Notice under division (B) of this section shall be served, mailed, delivered, or last published at least twenty days before any hearing in this state. (Emphasis added.)
There is no evidence that service was completed as required by the Civil Rules, i.e., Civ.R. 4.3(B)(1), or that either the law of Florida or a juvenile court order provided that a failed attempt at service constituted sufficient service. R.C.3109.23(B)(1) and (2). Although plaintiffs filed the first document in this case on April 10, 1996, no summons was even mailed until two months thereafter on June 10, 1996. Because the hearing was scheduled for only two weeks thereafter on June 25, 1996, this attempt would not have satisfied the requirements of R.C. 3109.23(C) even if service had been completed. This case evinces total non-compliance with even minimal requirements of service.
The case at bar is not "novel," nor did it involve "numerous" attempts at service. (Infra at p. 1 and 2.) UCCJA cases throughout the nation recognize that service must be completed.E.g., In re Guardianship of Sabrina Mae D. (N.M.App. 1992),835 P.2d 849, 852-853; In re Marriage of Schmidt (Minn. 1989),436 N.W.2d 99, 107 (citing Olson v. Priest (Colo. 1977),564 P.2d 122, Sherry F. v. Bennett S. (N.Y Fam.Ct. 1986),502 N.Y.S.2d 383, Giddings v. Giddings (N.D. 1975), 228 N.W.2d 915; Copelandv. Copeland (N.C.App. 1984), 314 S.E.2d 297.) In Ohio, both In reShelton and Sontag v. Sontag recognize that service must be completed in cases involving the UCCJA. We cannot ignore the express requirements of Civ.R. 4.3(B)(1) or R.C. 3109.23.
It is not clear how following the service requirements of the UCCJA, which R.C. 3109.23 embodies, "frustrates the purpose" of the UCCJA. (Infra at p. 1.) Even when not governed by statute, the Supreme Court has repeatedly admonished parties and courts to spend more time following simple, clear rules — including those governing service — than trying to make excuses for failing to do so. Miller v. Lint (1980), 62 Ohio St.2d 209, 214-215.
Service of process not only provides notice to appear and defend claims asserted against the party, but also formally marks the court's assertion of jurisdiction. The dissent contends, however, that "actual notice" is an adequate substitute for proper service. We are unpersuaded for two reasons.
First, there is no evidence of what defendant had "actual notice" in the case at bar. The record indicates that plaintiffs obtained a subpoena for financial records from defendant's employer less than two weeks before the first scheduled hearing. Plaintiffs never filed a return to report proper service of this subpoena. In any event, a subpoena for records, particularly when directed to someone else, is not a summons or proper notice to an employee that he appear and defend a lawsuit against him by a stated time. The record contains no evidence that defendant had actual notice of either (1) the petition to adopt foreign decree, which the court had already granted before issuance of this subpoena, (2) the motion to modify child support, (3) the motion to show cause, or (4) the application for custody.
Whenever a defendant files a motion to dismiss for failure of service of process under Civ.R. 12(B)(5), the defendant has had "actual notice" of the proceedings. However, this has never been sufficient to confer jurisdiction. See e.g., Mid-Continent WoodProducts, Inc. v. Harris (7th Cir. 1991), 936 F.2d 297 (rejecting such an argument and the attempt to ignore service requirements by corollary doctrines of "liberal construction," "substantial compliance," or "equities" of the case).
Perhaps more importantly, however, relying on such ephemeral non-record concepts of "actual notice" rather than simple, clear, and established rules of service, would only further cloud jurisdictional and coordination issues under the UCCJA. The dissent ignores that, in addition to providing notice to the parties, the formal process of service of a summons and complaining document objectively marks the beginning of an action. See Civ.R. 3(A); see also J. Patrick Browne, Being andNothingness: Commencement and the Application of Ohio Civil Rules3(A) and 4(E). 33 Cleve. St. L. Rev. 245 (1984-85). It becomes more complicated and difficult to coordinate the exercise of jurisdiction among courts in various states when one cannot reliably determine even such basic issues. The system functions best when the parties and courts follow the rules. Miller v.Lint, supra.
This case stands as renewed testament to the proposition that "haste makes waste." The interests of judicial economy dictate that counsel and the court address jurisdictional issues early in the litigation. Juv.R. 22(D); Civ.R. 12(D). Permitting litigation to proceed without curing such defects, particularly when repeatedly raised, serves no interest because all orders entered without jurisdiction are void ab initio. Under the circumstances, all orders entered by the juvenile court in this case are vacated. The Pennsylvania decree remains in full force and effect as if this case had never been filed.
Judgment vacated.
This judgment of the trial court is vacated.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., CONCURS; JAMES M. PORTER, A.J.,DISSENTS
 (See attached Dissenting Opinion).
 _________________ DIANE KARPINSKI JUDGE
[1] The Pennsylvania court had just modified (increased) the support obligation one year earlier. The Pennsylvania court, rejecting her claim of a support arrearage at that time, found to the contrary that defendant had overpaid his support obligation by $14,573. Despite her statements in the affidavit attached to her show cause motion, the common pleas court in this case ultimately found that plaintiffs likewise presented absolutely no evidence of a support arrearage or that defendant failed to pay his support obligations at any time.
[2] During this time, the juvenile court also mailed subpoenas to produce various financial documents to defendant at the Orlando address and to his employer, the Miami Dolphins, in Davey, Florida. The juvenile court's notice form indicates that the subpoena was not served on defendant at the Orlando address and, by interlineation, contained a handwritten change of address for defendant to a third address, this time in Miami, Florida.
[3] Defendant produced apartment leases and income tax records indicating that plaintiffs resided in Lake County, Ohio before and throughout the course of these proceedings, but plaintiffs' complaint listed an address in Cuyahoga County. The magistrate found defendant waived lack of venue by failing to object at the outset of the case. The record does not show, however, that defendant had sufficient information to object to any lack of venue before he conducted discovery.
[4] Defendant's first and third through fifth assignments of error are set forth in the Appendix.
[5] The record shows that counsel for plaintiffs knew how to obtain service because she subsequently did so in connection with a subsequent motion to show cause after the conclusion of these proceedings. When the summons and motion to show cause sent to the Orlando address was returned "not deliverable as addressed unable to forward," plaintiffs served defendant by court-appointed special process server at a new address in Baltimore, Maryland.
 Appendix I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN REGISTERING THE PENNSYLVANIA ORDER OF CHILD SUPPORT AS A FOREIGN DECREE.
 III. THE MAGISTRATE HEARING THE EVIDENTIARY PROCEEDINGS ERRED, AS A MATTER OF LAW, BY GRANTING THE MOTION IN LIMINE AND PRECLUDING THE INTRODUCTION OF GREEN'S 1996 INCOME. THE TRIAL COURT COMPOUNDED THAT ERROR WHEN IT "RUBBER STAMPED" AND APPROVED THE MAGISTRATE'S REPORT WITHOUT CONSIDERING GREEN'S OBJECTIONS OR THE 1996 INCOME THAT WAS PROFFERED.
 IV. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN APPROVING THE RECOMMENDATION OF THE MAGISTRATE REQUIRING GREEN: (A) TO EXPEND FOUR HUNDRED THOUSAND DOLLARS FOR THE PURCHASE OF AN ANNUITY; (B) IN FINDING THAT A MONTHLY AWARD OF CHILD SUPPORT OF THIRTY-THREE [SIC] THOUSAND FIVE HUNDRED THIRTY-ONE DOLLARS TO BE IN THE CHILD'S BEST INTEREST; (C) IN FINDING THAT A COMBINED INCOME IN EXCESS OF ONE HUNDRED FIFTY THOUSAND DOLLARS REQUIRES A STRICT COMPLIANCE WITH THE STATUTORY CALCULATION WITHOUT CONSIDERATION TO [SIC] OTHER STATUTORY FACTORS; and (D) IN FINDING A DEVIATION FROM THE COMPUTED AMOUNT WOULD NOT BE EQUITABLE.
 V. THE COURT ERRED, AS A MATTER OF LAW, IN AWARDING ATTORNEY FEES AND EXPENSES TO LUCAS WHEN SHE HAD AVAILABLE TO HER, AT NO COST, THE SERVICES OF THE CUYAHOGA COUNTY PROSECUTOR'S OFFICE TO PERFORM ALL FUNCTIONS THAT WERE PROVIDED BY PRIVATE COUNSEL.