LESOWITZ and BASKIN et al.; Baskin, Appellant,

v.

MILLER et al., Appellees.

[Cite as *Lesowitz & Baskin v. Miller* (1989), 63 Ohio App.3d 401.]

Court of Appeals of Ohio,
Summit County.

No. 13945.

Decided June 28, 1989.

*Richard V. Levin,* for appellant.

*Morris H. Laatsch,* for appellees.

EDWARD J. MAHONEY, Presiding Judge.

Appellant Bruce Baskin appeals from the trial court's denial of his Civ.R. 60(B) motion to vacate a default judgment which had been entered against him. We affirm.

### Assignment of Error

"In granting a default judgment against the plaintiff-appellant ('Baskin'), and in denying Baskin's motion to vacate the judgment and leaving it intact thereafter, the municipal court erroneously validated the purported service of process by regular mail under Rule 4.6(C), O.R.C.P., after a prior attempt to serve process by certified mail under Rule 4.1(1), O.R.C.P., had been unsuc-

cessful because of the clerk's failure to 'affix adequate postage' as required by Rule 4.1(1).''

In addressing Baskin's motion to vacate the default judgment, the trial court stated:

"This case is before the Court on plaintiff Bruce Baskin's ('B. Baskin') motion to vacate judgment filed July 1, 1988. The key argument of B. Baskin is that the judgment was entered without the Court having personal jurisdiction over B. Baskin because of defective service of process on him. If the judgment was entered without personal jurisdiction having been obtained over B. Baskin, it is not voidable under Civ.R. 60(B), but is rather void *ab initio* and could be attacked, even collaterally, at any time.

"B. Baskin was joined as party plaintiff on April 4, 1988. Defendant's first attempted service on B. Baskin [was] by certified mail under Civ.R. 4.3(B)(1). The certified mail envelope had $2.20 of postage affixed to it. The required postage was $2.50. The certified mail envelope was marked 'Postage Due 30.' So in order to receive the letter B. Baskin would have had to pay the 30¢ postage due. B. Baskin refused the delivery of the certified mail envelope on April 6, 1988, clearly indicating 'Refused because of Postage Due.' Defendant's next attempted ordinary mail service was on April 15, 1988, as provided in Civ.R. 4.6(C) when service of process by certified mail is refused.

"B. Baskin contends that the ordinary mail service was defective for the following reason:

" 'The moving party was not properly served with a summons and Counterclaim herein, in that the certified mail service was refused for insufficient postage, and the subsequent service by regular mail was defective by reason of the defective mail service on which it was based.'

"Thus, B. Baskin contends that certified mail service referred to in Civ.R. 4.6(C) means proper certified mail service and proper certified mail service cannot be made using a certified mail envelope without adequate postage.

"This Court has found no Ohio cases directly in point on this issue. However, legal scholars have addressed the precise question in the recently published Klein, Browne & Murtaugh, 1 *Ohio Civil Practice*, Section 3.24(3)(c) (1988), as follows:

" '(c) *Postage*, Rule 4.1(1) requires the clerk to "affix adequate postage" to the certified mail envelope. If this is not done, the service is insufficient if (1) the postal service fails to deliver it and returns it to the clerk's office with a notation "Return to sender, postage due" or a similar notation; or (2) the postal service attempts to deliver it and collect the postage due from the addressee, the addressee refuses to pay the amount of postage due, and the

postal service then returns it to the clerk's office with the appropriate "postage due" notation.

" 'If the addressee refuses to accept the certified mail because he is unwilling to pay the amount of postage due, is this a "refusal" of service warranting the use of ordinary mail under Rule 4.6(C)? According to section 159.112 of the Postal Service Manual, "refused" is defined as "Addressee has refused to accept mail *or pay postage charges thereon.*" (Emphasis added.) Since Rule 4.6(C) appears to have been written with the Postal Service Manual definitions in mind, and since this appears to be a "refusal" as defined by the Postal Service Manual, the answer to the question is yes.

" 'All postage shall be charged to costs in the action. If the parties to be served by certified mail are numerous and the clerk determines there is insufficient security for costs, he may require the party requesting service to advance an amount estimated by the clerk to be sufficient to pay the postage.'

"The court finds the above reasoning to be persuasive, although obviously it is not bound to follow it. The Court adopts the above as its holding on the issue.

"With regard to the contention of B. Baskin at the hearing that he is not a proper party to this case, this might be an issue to be raised as a defense. It is not relevant to the motion to vacate except as it applies to the first prong of the *'GTE* test' mentioned hereafter. The Court also notes that this issue raises factual issues and if B. Baskin wanted the Court to consider them, they should have been included in an affidavit filed with the motion before the Court.

"There is a Civ.R. 60(B) ground alleged for vacation of the judgment.

"In *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 Ohio Op.3d 86 [351 N.E.2d 113], the Ohio Supreme Court established the following guidelines for obtaining relief from judgment under Civ.R. 60(B):

" 'To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.'

"B. Baskin has satisfied the first and third prong of the *'GTE* Test.' As to the second prong, both attorneys agree that on the answer day for the counterclaim, defendant's attorney gave B. Baskin's attorney an oral leave to plead of unspecified, but brief, duration. The default judgment was filed on the 10th day after the answer date. Without doubt this course of action, if a

21–day leave had been agreed to, might well satisfy one or more of the following: Civ.R. 60(B)(1), Civ.R. 60(B)(3) or Civ.R. 60(B)(5).

"But, the Court notes that defendant's attorney only gave oral consent to a brief leave to plead and a 21–day period is certainly not brief for these purposes.

"B. Baskin's motion for relief from judgment filed July 1, 1988, is DENIED.

"IT IS SO ORDERED."

Upon a review of the record, we find the trial court's reasoning persuasive and adopt it. Accordingly, we overrule Baskin's assignment of error and affirm the trial court's decision.

*Judgment affirmed.*

BAIRD and REECE, JJ., concur.