SAMPSON, Exr., Appellant,

· v.

HOOPER HOLMES, INC., Appellee, et al.

[Cite as *Sampson v. Hooper Holmes, Inc.* (1993), 91 Ohio App.3d 538.]

Court of Appeals of Ohio,
Summit County.

No. 16158.

Decided Nov. 10, 1993.

*Donald E. George* and *Edward DiGiantonio,* for appellant.

*Bruce S. Goldstein,* for appellee.

---

COOK, Presiding Judge.

Loren Sampson ("appellant") appeals the trial court's judgment vacating its default judgment against Hooper Holmes, Inc. ("Hooper"). Appellant claims that the trial court abused its discretion in vacating the default judgment because (1) the court did not apply equitable principles; and (2) Hooper did not meet the requirements of Civ.R. 60(B). We affirm because the default judgment was void *ab initio* in that Hooper was not served with notice of the action. Thus, the requirements of Civ.R. 60(B) were inapplicable.

## BACKGROUND

### 1. *Hooper Holmes, Inc.*

In order to fully understand the facts in this case, a brief explanation of the history and relationship of Hooper and Nurse's House Calls, Inc. is required. In 1987, Hooper bought some of Nurse's House Calls, Inc.'s assets, including the registered trade name "Nurse's House Call." Hooper's statutory agent in Ohio is Prentice Hall Corporation ("PH"), but Hooper did not inform PH that it was doing business in Ohio under the name of Nurse's House Call. Nurse's House Calls, Inc. remained a separate corporate entity with a different statutory agent than Hooper.

### 2. *Underlying Suit and Service Attempts*

After having been released from the hospital with terminal cancer, Christopher Patton ("Patton") retained Nurse's House Call to provide nursing care for him while he remained at home. Two weeks later, Patton died. Appellant, as executor of Patton's estate, filed a complaint for wrongful death and negligence. Appellant asserted that Patton died as a result of a staph infection caused by the negligence of Nurse's House Call and its employees.

In his complaint, appellant listed the first defendant as follows:

"Nurse's House Calls, Inc.

"Hooper Holmes, Inc.

"c/o Statutory Agent

"Prentice Hall Corporation"

Appellant attempted service by certified mail, which was addressed only to Nurse's House Calls, Inc. and did not reference Hooper Holmes, Inc. After receiving the notice, PH marked the envelope "not agent" and returned it. Appellant then attempted service by ordinary mail. The envelope again was

addressed only to Nurse's House Calls, Inc. and PH again marked the mail "not agent" and returned it.

Appellant moved for default judgment against Nurse's House Calls, Inc. and the trial court granted it against "Nurse's House Calls, Inc./Hooper Holmes, Inc." After a hearing on damages, the trial court awarded appellant $250,000. After learning of the default judgment, Hooper immediately moved to vacate it. The trial court vacated the judgment because Hooper was not properly served.

Appellant now appeals, asserting three assignments of error.

## Assignments of Error

"I. The trial court abused its discretion and prejudicially erred to the detriment of appellant in failing to apply the doctrine of estoppel to preclude appellee from claiming that it was not properly served summons in accordance with the requirements of rule 4.2(6) of the Ohio Rules of Civil Procedure.

"II. The trial court abused its discretion and prejudicially erred to the detriment of appellant in recognizing appellee's claim to a defense under Ohio Civil Rule 60(B) when appellee only presented an unsubstantiated claim.

"III. The trial court abused its discretion and prejudicially erred to the detriment of appellant by vacating default judgments granting appellant judgment on its claim of negligence against appellee and assessing damages at $250,000.00 notwithstanding appellee's failure to meet the requirements for vacating such judgments under rule 60(B) of the Ohio Rules of Civil Procedure."

With these assignments of error, appellant argues that the trial court erred in vacating the default judgment because equitable principles should have been applied and because the requirements of Civ.R. 60(B) were not met. We find, however, that the trial court did not err in vacating the default judgment because appellant did not effectuate service of the complaint.

■ Fundamental due process requires "notice" sufficient to apprise the defendant of the action's pendency so that objections by the defendant may be presented. *In re Foreclosure of Liens* (1980), 62 Ohio St.2d 333, 16 O.O.3d 393, 405 N.E.2d 1030. Completion of original process is necessary to clothe the trial court with the jurisdiction to proceed. Thus, where service of process has not been accomplished, any judgment rendered is void *ab initio*. *Rondy v. Rondy* (1983), 13 Ohio App.3d 19, 22, 13 OBR 20, 23–24, 468 N.E.2d 81, 84–85. Civ.R. 60(B) is not the exclusive means for attack on a void judgment, which is a nullity that may be impeached at any time, either by collateral or direct attack. *Id.* at 21, 13 OBR at 23, 468 N.E.2d at 84.

In this case, it is undisputed that both attempts at service were returned marked "not [statutory] agent." Appellant, however, contends that service was complete as soon as the ordinary mail attempt was sent. We disagree. The rules on service make clear that service is not completed when attempted service by ordinary mail has been returned with an endorsement showing failure of that service. *Castle Apartments, Inc. v. Allgood* (1988), 43 Ohio App.3d 163, 165, 539 N.E.2d 1154, 1156. Accordingly, appellant never accomplished service of the complaint on Hooper and the default judgment is rendered void *ab initio*.

Appellant argues that it was the clerk of courts' mistake in addressing the service notices which caused PH to reject service and relies on *Lesowitz & Baskin v. Miller* (1989), 63 Ohio App.3d 401, 579 N.E.2d 227, for the proposition that such a mistake cannot be used as a means for vacating the default judgment. We disagree. Contrary to what appellant asserts, *Lesowitz* does not stand for the proposition that if the clerk errs in the mailing, service is nevertheless considered valid. In *Lesowitz*, the clerk put insufficient postage on the certified mailing and it was returned. The plaintiff then requested service by ordinary mail and that service was not returned. The court held that ordinary mail service is proper when postage is due on the certified mailing and the addressee refuses to pay the charges; therefore, the trial court did not err in denying the defendant's motion for relief from judgment. *Id.* at 404, 579 N.E.2d at 229.

Finally, appellant argues that equitable principles should be applied and if those principles were applied, then Hooper's motion for vacating the judgment would be denied. Appellant relies on *Kurtz v. Kurtz* (1991), 71 Ohio App.3d 176, 593 N.E.2d 322, for the proposition that equitable principles should be applied. *Kurtz*, however, is clearly distinguishable from the case before us. In *Kurtz*, the husband, in 1988, tried to vacate a 1972 divorce decree because he had not received notice of the hearing. *Id.* at 180, 593 N.E.2d at 324–325. Unlike the case before us, original service of process had been properly completed and the trial court had jurisdiction. *Id.* at 182, 593 N.E.2d at 325–326. Further, the husband had accepted the benefits of the divorce decree by remarrying in 1973, shortly after learning of the decree. *Id.* at 181, 593 N.E.2d at 325. Thus, we are not persuaded that the ruling in *Kurtz* is applicable to this case.

Further, even if equitable principles were to be applied, the default judgment would still be properly vacated. We note that whenever possible, cases should be decided on their merits. *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 7 OBR 256, 257, 454 N.E.2d 951, 952. In this case, Hooper did not have any notice that a suit was pending. The failure of service in this case was caused by appellant's manner of captioning the complaint and not by Hooper's failure to notify PH of its registered trade name.

The default judgment was void *ab initio;* therefore, appellant's arguments as to whether Hooper met the requirements of Civ.R. 60(B) are irrelevant. The first, second and third assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and DICKINSON, JJ., concur.