Defendant-appellant, Kevin Parsons, was indicted for the rape of his three-year-old daughter. Pursuant to a plea bargain, he pleaded guilty to the lesser offense of sexual battery pursuant to R.C.2907.03. The trial court sentenced him to serve five-years' incarceration, the maximum sentence for a third-degree felony. See R.C. 2907.03(B) and 2929.14(A)(3). The court also adjudicated him a sexual predator. This appeal followed.
Parsons presents two assignments of error for review. In his first assignment of error, he contends that the trial court erred by imposing the maximum prison term. He argues that the evidence did not support the trial court's finding that he had committed the "worst form of the offense." This assignment of error is not well taken.
Pursuant to R.C. 2929.14(A)(C), the trial court may impose the maximum sentence if it makes a specific finding that the offender committed "the worst form of the offense" or that the offender poses "the greatest likelihood of committing future crimes."State v. Edmonson (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131,135; State v. Napier (Aug. 28, 1998), Hamilton App. No. C-970383, unreported. The court must also state its reasons for imposing the maximum sentence. R.C. 2929.19(B)(2)(d). See, also,Edmonson, supra, at 328-329, 715 N.E.2d at 135. However, the sentencing statutes do not "require talismanic words from the sentencing court" as long as the reasons for the sentence are apparent from the record. State v. Buterbaugh (Sept. 16, 1999), Franklin App. No. 98AP-1093, unreported; State v. Taylor (Dec. 26, 1997), Hamilton App. No. C-961141, unreported.
In this case, the record shows that the trial court found that Parsons had committed the worst form of the offense, based upon the nature and circumstances of the offense, including Parsons's parental relationship with the victim and her young age. Under the circumstances, we cannot say that this finding was not supported by clear and convincing evidence or that it was contrary to law. Consequently, we will not disturb the trial court's sentence. See R.C. 2953.03(G)(1); Napier, supra.
Parsons further contends that because the trial court indicated his gender and race on the sentencing worksheet in a space reserved for "comments," it improperly used those items as sentencing criteria. See R.C. 2929.11(C). This court has specifically disapproved of this practice, and we have admonished trial courts to discontinue it. Nevertheless, the record does not demonstrate that the court used gender and race as considerations in determining Parsons's sentence, and, therefore, we will not reverse the sentence on that basis. See State v. Kershaw (Feb. 5, 1999), Hamilton App. No. C-980164, unreported. Accordingly, we overrule Parsons's first assignment of error.
In his second assignment of error, Parsons contends that the trial court erred in adjudicating him a sexual predator. He argues that the trial court failed to conduct a proper hearing as required by R.C. 2950.09(B). We find this assignment of error to be well taken.
R.C. 2950.09(B)(1) provides that if a person is sentenced after January 1, 1997, for a sexually-oriented offense, the court must conduct a hearing to determine whether the offender is a sexual predator. If the offense is a felony, the court may conduct the hearing as part of the sentencing hearing. The statute goes on to state:
The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender.
These specifically enumerated procedural protections have caused this court to conclude that the statutory scheme set forth in R.C. Chapter 2950 does not violate a sexually-oriented offender's right to procedural due process, because it affords the opportunity to protect liberty interests at a meaningful time and in a meaningful manner. State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282 and C-970283, unreported, affirmed (1998),84 Ohio St.3d 17, 701 N.E.2d 692. Accord State v. Ward (Feb. 8, 1999), Cuyahoga App. No. 72371, unreported.
Further, the essential elements of due process are notice and an opportunity to respond. Cleveland Bd. of Edn. v. Loudermill
(1985), 470 U.S. 532, 546, 105 S.Ct. 1487, 1495; State v. Edwards
(1952), 157 Ohio St. 175, 105 N.E.2d 259, paragraph one of the syllabus. The notice must be sufficient to apprise the defendant of the action's pendency so that the defendant may present his or her objections. In re Foreclosure of Liens (1980), 62 Ohio St.2d 333,405 N.E.2d 1030, paragraph one of the syllabus ___ Sampson v.Hooper Holmes, Inc. (1993), 91 Ohio App.3d 538, 540,632 N.E.2d 1338, 1340. See, also, Lambert v. California (1957),355 U.S. 225, 228-230, 78 S.Ct. 240, 243-244. Courts have held that notice of the sentencing hearing is not sufficient notice of the sexual-predator-classification hearing. State v. Hanrahan (Mar. 5, 1998), Franklin App. No. 97APA-03-394, unreported, affirmed subnom. State v. Brewer (1999), 86 Ohio St.3d 160, 712 N.E.2d 736;State v. McCane (Dec. 1, 1997), Clermont App. No. CA97-03-023, unreported.
In the present case, the record does not demonstrate that Parsons received any notice of the sexual-predator hearing or that he was given any opportunity to present evidence. To the contrary, the record shows that after the trial court held the sentencing hearing, Parsons left the courtroom. The trial court then stated, "I'm not through with him yet. I have to have a hearing on whether or not he's a sexual predator. * * * Bring him back down." When Parsons returned to the courtroom, the trial court asked him some cursory questions about where he planned to live when he got out of prison. Then, the court, without hearing any further argument or taking any evidence at all, stated that, based upon Parsons's plea, it found him to be a sexual predator. Nothing about this hearing complied with the provisions of R.C.2950.09(B) or the requirements of due process, and, therefore, the trial court committed plain error in classifying Parsons as a sexual predator. See State v. Jones (Sept. 30, 1999), Cuyahoga App. No. 74503, unreported; Hanrahan, supra; McCane, supra. See, also, Brewer, supra, at 164-165, 712 N.E.2d at 739-740.
Further, the trial court's statements at the hearing show that it found Parsons to be a sexual predator simply because he had pleaded guilty to a sexually-oriented offense. The court did not consider any of the statutory factors set forth in R.C.2950.09(B)(2) in determining whether Parsons was likely to commit another sexually-oriented offense in the future. See State v.Cook (1998), 83 Ohio St.3d 404, 407, 700 N.E.2d 570, 574-575. This court has stated:
 What must be avoided in sexual-predator determinations is the indulging, or even the appearance of indulging, a presumption that anyone with a prior sexual offense is a sexual predator. The statute clearly provides an offender with procedural due process, and its operation * * * cannot deny or ignore those rights. The declaration of an offender's status as a sexual predator cannot, as a matter of law, be automatic.
State v. Lee (1998), 128 Ohio App.3d 710, 723, 716 N.E.2d 751,760.
Accordingly, we sustain Parsons's second assignment of error, reverse that part of the trial court's judgment classifying him as a sexual predator, and remand the case for a new sexual-predator hearing. We affirm the trial court's judgment in all other respects.
Judgment affirmed in part and reversed in part, and causeremanded.
 Doan, P.J., Hildebrandt and Winkler, JJ.