DECISION AND JOURNAL ENTRY
Frank L. Trust Jr. appeals from the trial court's denial of his motionfor relief from judgment pursuant to Civ.R. 60(B) following the entry ofa default judgment. This court reverses.
 I. On July 3, 1995, Michelle Miller filed a complaint in the Summit CountyCourt of Common Pleas for partition of real property that Miller ownedtogether with Frank Trust, Jr. According to the complaint, Miller andTrust purchased the residence located at 3105 Ira Road in Bath in January1994 and each party owned an undivided one-half interest. Miller servednotice of the complaint to Trust in care of Trust's employer, UnitedParcel Service (UPS), at the company's hub location in MiddleburgHeights, Ohio. The certified mail return receipt was stamped deliveredon July 10, 1995. The receipt showed the signature of an individualnamed Paul; the last name is not legible.
Trust never filed an answer to the complaint, and on August 16, 1995, Miller filed a motion for a default judgment against the defendant. Miller served notice of the motion to Trust by regular mail at the same UPS location that she used to serve notice of the complaint. Again, Trust never responded to the motion. On November 22, 1995, the court granted the motion, and ordered that "said property be partitioned and sold with the proceeds to be equally divided between the parties."
In the interim, Trust continued to live at the property and he continued to make mortgage payments. On February 11, 1998, after he discovered that a judgment had been entered against him, Trust filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5).
In his motion, Trust claimed that the court never had jurisdiction to enter judgment because service of the complaint was improper. Trust attached to his motion an affidavit in which he averred that he was a customer service area manager for UPS, dealing with the company's operations in Youngstown, Canton and Massillon. Trust stated that he did not "have a physical office or receive mail" at the UPS location where service was directed. That location served only for receiving and transferring packages. Trust stated that he did not receive notice of the complaint, that he did not know the individual who signed the return receipt, and that he never waived service of process. Trust's motion for relief from judgment suggested that Miller falsely advised the court that Trust had been served with notice and that he was in default for failure to file a responsive pleading. Trust also averred that he paid for "the majority of the down-payment" on the property, and that Miller "has improperly taken items belonging to me that exceed any interest she may have in the home."[1]
 Trust noted that pursuant to the standards for determining a Civ.R.60(B) motion outlined in GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, he had a meritorious defense to Miller's original request for one-half partition of the property, and that, given lack of service of the complaint or any later pleadings, the Civ.R. 60(B) motion was made within a reasonable time. Trust also claimed that the trial court lacked jurisdiction over him because there was no effective service of process or waiver of service.
Despite the fact that Miller never responded to the Civ.R. 60(B) motion, the trial court in its judgment entry of October 29, 1999, determined that service was proper and that it was "reasonably calculated" to reach Trust.[2] The court concluded that it had jurisdiction in the matter because service was proper, and that Trust was not entitled to relief from judgment. Trust filed the instant appeal, assigning three errors.
Before addressing the merits of the appeal, we note that Miller never filed an appellate brief. Therefore, this court assumes that the facts as stated in Trust's appellate brief are true, and this court's judgment is based on the facts as stated. App.R. 18(C).
 II. FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT FOUND IN ERROR THAT IT HAD OBTAINED PERSONAL JURISDICTION OVER APPELLANT WHERE SERVICE WAS ATTEMPTED AT A BUSINESS LOCATION WHERE APPELLANT DID NOT HAVE A HABITUAL, CONTINUOUS, AND REPEATED PHYSICAL PRESENCE, AND THEREAFTER ERRED IN OVERRULING APPELLANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE.
These two assignments of error challenge the trial court's determination that service of process was effective. This determination, if correct, meant that the trial court had jurisdiction over Trust and that Trust was presumed to have notice of the complaint, obliging him to file a responsive pleading. See Civ.R. 4; Civ.R. 8; Civ.R. 55(A). If the trial court's determination of these issues was correct, then Trust was not entitled to relief from judgment. On the other hand, if Trust correctly stated that service of process was ineffective, then the court did not acquire jurisdiction over him, rendering its default judgment void ab initio. See Sampson v. Hooper Holmes, Inc. (1993),91 Ohio App.3d 538, 540.
Because Miller did not respond either to Trust's Civ.R. 60(B) motion, or to Trust's assignments of error in this court, we will presume that the operative facts alleged by Trust concerning the service of process are correct.
"Service of process may be made at an individual's business address pursuant to Civ.R. 4.1(1), but such service must comport with the requirements of due process." Regional Airport Authority v. Swinehart
(1980), 62 Ohio St.2d 403, syllabus. To meet fundamental due process requirements, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id.
at 406, quoting Mullane v. Central Hanover Bank Trust Co. (1950),339 U.S. 306, 314, 94 L.Ed. 865, 873. Certified mail service sent to a business address complies with due process "if the circumstances are such that successful notification could be reasonably anticipated."Swinehart, 62 Ohio St.2d at 406.
Certified mail need not be delivered to and signed by the addresseeonly in order to be effective. See Castellano v. Kosydar (1975),42 Ohio St.2d 107, 110. However, the Ohio Supreme Court has held thatservice was not effective, where the county treasurer served a homeownernotice of tax foreclosure by certified mail served at a formerresidence, when the treasurer knew of the homeowner's current residentialaddress. In re Foreclosure of Liens (1980), 62 Ohio St.2d 333, 338. TheCourt there concluded that "[a]ppellant should not suffer theconsequences of the treasurer's failure, either by mistake orinadvertence, to utilize information obviously within his possession."Id. at 338. Even where the service was reasonably calculated to reachthe recipient, the presumption of effective service is rebuttable whereservice was not actually accomplished. See Rafalski v. Oates (1984),17 Ohio App.3d 65, 66-67.
In the instant case, we accept as true the fact that Miller attempted service at a business location of Trust's employer where Trust never had an office or received mail. Trust stated that he does not know the individual who signed the certified mail receipt, that he did not receive service of notice and that he did not waive service of notice. Trust has argued that service was not effective to achieve its purpose. Based on the unrebutted record before this court, we conclude that service of process was not effective. The trial court erred in not granting Trust's Civ.R. 60(B) motion and vacating the default judgment against Trust.
 Trust's first and second assignments of error are sustained.
 III. THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING PRIOR TO OVERRULING APPELLANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT PREVIOUSLY ENTERED AGAINST APPELLANT.
Trust's third assignment of error addresses the merits of the case, based on the complaint and Trust's Civ.R. 60(B) motion. Due to our disposition of the first two assignments of error, the third assignment of error is overruled as moot. See Sampson, 91 Ohio App.3d at 542.
The judgment of the trial court is reversed and the cause remanded forfurther proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 __________________________ WILLIAM R. BAIRD
FOR THE COURT, BATCHELDER, P. J., SLABY, J., CONCUR.
[1] The items taken appear to include checks payable to the mortgage company. Trust appended to his affidavit copies of a police report, apparently memorializing his report to the police that Miller signed both her name and Trust's name in negotiating checks payable to the mortgage company. It appears from the police report that the mortgage company returned the payments to Trust in care of a post office box that he had previously shared with Miller. Miller cashed the checks and apparently retained the funds. Also attached to Trust's affidavit were photocopies of: the negotiated bank checks made payable to GE Capital and signed with the forged signature of Trust; Trust's forged endorsement affidavits for the checks; and a letter from Miller's attorney to a Bath police detective accompanying Miller's re-payment of these checks in the amount of $2,800.
[2] The record does not indicate why it took the trial court twenty-one months to rule on the motion for relief from judgment.