OPINION
Respondent-appellant, putative father Lloyd Arneach, Jr., appeals an order of the Butler County Juvenile Court awarding custody of the parties' three children to their biological mother, petitioner-appellee, Amy Reed. The children are William (born September 14, 1995), Samuel (born January 2, 1997), and Sandra (born April 27, 1998).
Arneach is an enrolled member of the Eastern Band of Cherokee Indians and resides on the Eastern Cherokee Indian Reservation in Cherokee, North Carolina. During the period from March 1997 to February 1998, Reed, William, and Samuel lived with Arneach on the Reservation in Cherokee, North Carolina.
In February 1998, Reed, then pregnant, moved away from Arneach to Butler County, Ohio taking William and Samuel with her. In April 1998, Sandra was born in Butler County.
Arneach and Reed are not married and prior to June 11, 1998, no action had been commenced to determine custody. On June 11, 1998, Arneach filed a complaint in the Tribal Court of Indian Offenses[1] in Cherokee ("tribal court"), identifying the children, alleging them to be his, and seeking custody of them. Reed was served with summons in Ohio in the tribal court action on June 29, 1998.
On July 10, 1998, Reed filed a complaint for custody of the children in the Butler County Juvenile Court ("trial court"). Her complaint listed Arneach as the father. In the child custody affidavit filed with her complaint,[2] Reed referred to a custody proceeding[3] pertaining to the children, having been filed in Swain County, North Carolina under case number 98CV332, and indicating a filing date of June 11, 1998. Reed's affidavit is dated July 9, 1998. Certified mail service of Reed's complaint upon Arneach at his place of employment occurred on August 31, 1998.
Arneach filed a jurisdictional motion in the trial court to dismiss Reed's case there, and the parties filed memoranda in support of and against a finding of jurisdiction.
By judgment entry filed October 16, 1998, the trial court found that "[t]his is not a custody proceeding as defined in 25 U.S.C. § 1903
(1). The Court of Indian Offenses for the Eastern Band of Cherokee Indians has no jurisdiction over the custody issue of these children. Jurisdiction lies with this Court."Reed subsequently filed a pleading seeking to set a hearing date which was then set for December 9, 1998 in Hamilton, Ohio. Neither Arneach nor his lawyer appeared at the hearing. By judgment entry filed that same day, the trial court granted legal custody of the children to Reed. Arneach now appeals and raises the following two assignments of error and issues for review which will be addressed in reverse order:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING THE MOTION TO VACATE OR TO GRANT A NEW TRIAL.
 Issue Presented for Review:
 A trial court abuses its discretion in denying a motion for a new trial and/or to vacate a judgment which is rendered without proper service or notice.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN GRANTING THE ORDER OF LEGAL CUSTODY.
 First Issue Presented for Review:
 A court of concurrent jurisdiction is required to abstain from adjudicating a matter on which another court has already completed service of process and acquired jurisdiction over the parties.
 Second Issue Presented for Review:
 A trial court is without jurisdiction under the UCCJA when the children have not lived in the jurisdiction for six (6) months at the time of the action's [sic] initiation.
 In his second assignment of error, Arneach argues that the trial court erred by exercising jurisdiction and by granting legal custody of the children to Reed. Specifically, Arneach raises several issues concerning the trial court's exercise of its jurisdiction over the custody proceedings filed in Ohio. A review of the pertinent legislation will be helpful in deciding the issues.
Under R.C. Chapter 2151, the trial court has jurisdiction "to determine the custody of any child not a ward of another court of this state," and "to determine the paternity of any child alleged to have been born out of wedlock."[4] Such jurisdiction must, however, be exercised "in accordance with section * * * 3109.21 to 3109.26 * * * of the Revised Code."[5] See, also, In re Adoption of Asente (2000),90 Ohio St.3d 91, 92, 102.
R.C. 3109.22, in turn, provides in part that:
 (A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 (1) This state is the home state of the child at the time of commencement of the proceeding * * *.
 (2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child * * * and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships[.]
 "Home state" is defined as "the state in which the child, immediately preceding the time involved, lived with * * * a parent * * * for at least six consecutive months and in the case of a child less than six months old, the state in which the child lived from birth with * * * [a parent]."[6] Notice of a parenting proceeding is required under R.C. 3109.23(B) and must precede the issuance of a parenting decree.
In the case at bar, Reed's complaint for custody was filed in the trial court on July 10, 1998, with a request for certified mail service. On August 28, 1998, summons went out to Arneach by certified mail and service was achieved at his place of employment on August 31, 1998, as reflected by the return receipt included in the record. Arneach's complaint in the tribal court was served upon Reed on June 29, 1998, prior to the service of her complaint upon Arneach. This appears to invoke the common law rules concerning whether the pendency of a suit in one state abates an action subsequently brought in another state when the later action is between the same parties and involves the same subject matter. 22 Ohio Jurisprudence 3d (1998), Courts and Judges, Section 268. However, the enabling legislation[7] under which Arneach commenced his custody action in the tribal court limits the jurisdiction of that court in child custody proceedings to cases involving foster care placement, termination of parent-child relationships, pre-adoptive placement, and adoptive placement. It follows that because this case does not raise issues of foster care placement, termination of parent-child relationships, pre-adoptive or adoptive placements, the tribal court does not have jurisdiction over this matter. We do not, therefore, have a conflicting jurisdiction question. The question that does remain, however, is whether the trial court has jurisdiction.
Applying the legal principles set forth in R.C. Chapter 2151 and R.C.3109.22(A) and 3109.21(E) to the facts of this case, it is clear the trial court properly exercised jurisdiction over Sandra, who was born in Butler County on April 27, 1998, has resided here with her mother since her birth, and was less than six months old at the time her mother filed the custody complaint. Pursuant to R.C. 3109.22 and the definition of "home state" under R.C. 3109.21(E), the question then becomes whether the trial court had jurisdiction over William and Samuel, who may have been born elsewhere[8] and who moved to Butler County with their mother in February 1998. Reed filed her custody complaint on July 10, 1998, five months after she moved to Butler County from Cherokee, North Carolina.
Although William and Samuel had lived in Ohio less than six consecutive months before their mother filed her complaint, it is, nevertheless, possible that trial court has jurisdiction under R.C. 3109.22(A)(2). However, in ruling it had jurisdiction, the trial court failed to make any findings concerning (1) William's, Samuel's, and Reed's significant connection with Ohio, and (2) any substantial evidence relating to the boys' care, protection, training, and personal relationships pursuant to R.C. 3109.22(A)(2). The second assignment of error is overruled with respect to Sandra.
In the first assignment of error, Arneach argues that the trial court erred by overruling his motion for a new trial or alternatively to vacate the custody award. In order to rule on Arneach's first assignment of error, we must examine the procedural posture of this case.
Reed filed her custody complaint on July 10, 1998. Summons was served upon Arneach on August 31, 1998. By judgment entry filed September 9, 1998, the trial court found "* * * that all persons required by law to be notified of this proceeding have been so notified, have indicated their agreement with the complaint as filed, or have waived such notice and that granting of the relief requested in the complaint as filed in this matter is in the best interest of said child [sic] * * *."
Apparently this is a "form" entry with alternative findings. We will assume for the sake of our discussion that the court merely neglected to line out the consent and waiver alternatives before it found appellant was served. In that same judgment entry, the trial court granted temporary custody of the children to Reed.
Both parties subsequently filed memoranda with the court addressing the jurisdictional issue. This resulted in the October 16, 1998 judgment entry in which the trial court found that it, and not the tribal court, had jurisdiction over the custody of the children.
The next issue arises from the "Notice of Hearing" document filed by Reed in which she requested a hearing on her custody complaint. The notice filed in the original papers shows blanks filled in for a hearing date of 9th day of December 1998 at 10:45 a.m. before the trial court. A certificate of service signed by Reed's counsel is included on the notice. Arneach, in connection with his motion for new trial/relief from judgment, included an affidavit from his then-trial counsel. Counsel attested to the fact that the copy of "Notice of Hearing" document he received did not have the date and time of the hearing filled in. Attached to the affidavit was a copy of the actual notice of hearing counsel received. Counsel further stated in his affidavit that he expected to receive a notice of the date and time from the court but received none.
A hearing was held on December 9, 1998 of which Arneach had no notice. Neither Arneach nor his counsel appeared at the hearing. It was following this hearing that legal custody of the children was granted to Reed. As in its previous September 1998 judgment entry, the trial court found before granting legal custody to Reed that "all persons required by law to be notified of this proceeding have been so notified, have indicated their agreement with the complaint as filed, or have waived such notice[.]"
Arneach subsequently filed a motion for a new trial/relief from judgment and a hearing was conducted by a magistrate on Arneach's motion. On October 13, 1999, an interim order went on finding jurisdiction was properly exercised by the trial court. The magistrate did not specifically address the issue of whether Arneach received notice of the time and date of the hearing in which legal custody was granted to Reed. The trial court overruled Arneach's objections to "the Magistrate's Decision and Order of October 13, 1999 * * *" and adopted the report as findings and orders of the court. The objections to the trial court included the factual issue of the failure to notify Arneach and/or his counsel of the custody hearing date and time.
We find that the magistrate and the trial court failed to fully determine the factual issue of whether Arneach was duly notified of the December 9, 1998 custody hearing. For that reason, we reverse the trial court's ruling on the motion for new trial/relief from judgment and remand the matter to the trial court to resolve the notice issue and then rule on the motion for new trial/vacate judgment accordingly. See RiteRug Co., Inc. v. Wilson (1995), 106 Ohio App.3d 59; Sampson v. HooperHolmes, Inc. (1993), 91 Ohio App.3d 538.
The assignments of error are sustained. The trial court's judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.
POWELL, P.J., and YOUNG, J., concur.
 __________________ WALSH, J.
[1] See Section 11.100(a)(8), Title 25, C.F.R.
[2] See R.C. 3109.27.
[3] Nothing in the file indicates any communication between the trial court and the tribal court concerning this matter. See InRe Simons (1997), 118 Ohio App.3d 622, 632.
[4] R.C. 2151.23(B)(2).
[5] R.C. 2151.23(F)(1).
[6] R.C. 3109.21(E).
[7] Sections 1903, 1911, Title 25, U.S.Code.
[8] No documentary record appears in the file that shows their places of birth.