OPINION
This is an appeal from the Painesville Municipal Court. Appellant, Joann Rice, appeals the trial court's judgment entry denying her motion for relief from judgment.
On August 12, 1993, appellee, Mohan R. Jain, filed a forcible entry and detainer complaint for possession of residential premises and money damages against appellant and her daughter, Jacquelin Vanderhoof ("Jacquelin"). A summons was issued to appellant on August 3, 1993. Appellant failed to file an answer to the complaint. On November 19, 1993, appellee filed a motion for default judgment against appellant. An evidential hearing before a magistrate was held on December 6, 1993.
On December 8, 1993, the magistrate issued findings of fact and conclusions of law. Appellant and Jacquelin failed to appear, but appellee did appear and presented the testimony of three witnesses. The magistrate concluded that: (1) appellee was the owner of certain residential property; (2) appellee entered into a lease agreement with appellant and Jacquelin; (3) appellant and Jacquelin were in default for rent for August and September 1993; (4) after the property was vacated, appellee discovered damage and destruction to it, which included flea infestation, broken entry and storm doors, animal feces on the walls and floors, garbage around the premises, a broken garbage disposal, a broken clothes dryer, and filthy carpeting which was in an unusable condition. The magistrate recommended that judgment be entered in favor of appellee and against appellant and Jacquelin in the amount of $5,804.92, plus interest.
No objections were filed to the magistrate's decision. On March 11, 1994, after the trial court made an independent review and evaluation, it granted judgment in favor of appellee for $5,804.92. On January 12, 1999, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), claiming that she had never been served with the complaint and that she was never notified that a judgment had been rendered against her until she received garnishment documents on December 21, 1998. A hearing on the motion for relief from judgment was held on February 4, 1999. No parties attended, so the trial court dismissed the motion without prejudice on that same date. Thereafter, on November 22, 1999, appellant filed another motion for relief from judgment. A hearing on that motion was held on December 16, 1999. On December 17, 1999, after hearing the evidence, the trial court overruled appellant's motion. It is from that entry that appellant timely filed the instant appeal and now asserts the following as error:
 "The trial court erred when it refused to vacate the judgment against [appellant], [Joann] Rice, due to lack of service of complaint."
Appellant submitted a statement pursuant to App.R. 9(C) to this court on February 3, 2000, which revealed that she never received service of the complaint filed by appellee because she did not reside at the address where service was made. However, appellant admitted that she did co-sign a lease for her daughter, Jacquelin. She also acknowledged that she filed a previous motion for relief from judgment.
The controlling law as to motions for relief pursuant to Civil Rule 60(B) is set forth in the case of GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 150-151, which provides that a movant must demonstrate that: (1) there are operative facts showing that he or she is entitled to relief under one of the grounds stated in sections (1) through (5) of Civ.R. 60(B); (2) he or she has a meritorious defense; and (3) the motion is timely made. In the case of a default judgment, it is generally held that where the movant has a meritorious defense, any doubt should be resolved in favor of the motion for relief so that the case may be decided on its merits. Id. at 151. However, even in the case of default judgment, the movant continues to bear the burden of demonstrating that he is entitled to relief. Id.
We note that a judgment taken in an action in which there has not been proper service is void ab initio, and may be attacked either directly or collaterally, at any time. Lesowitz Baskin v. Miller (1989),63 Ohio App.3d 401, 403.
To determine whether service was properly completed, Civ.R. 4.1 allows service of process by certified mail, personal service, or residence service. However, in a forcible entry and detainer action, the only valid method of residence service is that set out in Civ.R. 4.1(C).Cotterman v. Fahrig (1972), 55 Ohio App.2d 15, syllabus. Pursuant to Civ.R. 4.1(C), "* * * [r]esidence service shall be effected by leaving a copy of the process and the complaint * * * at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein." Therefore, valid service of process is presumed when any person at the defendant's residence receives the summons. Ohio Civ. Rights Comm. v. First Am. Properties, Inc. (1996),113 Ohio App.3d 233, 237. The recipient need not be an agent of the defendant. Id.
In the case sub judice, appellant has failed to establish the first two prongs of the GTE test: (1) operative facts showing that she was entitled to relief, and (2) proving she had a meritorious defense. She claims that she never received service of the complaint because she was not properly served. Yet, appellant does not contend that service was sent to an incorrect address.
In Rafalski v. Oates (1984), 17 Ohio App.3d 65, 66-67, the court held:
 "Where a party seeking a motion to vacate makes an uncontradicted sworn statement that she never received service of a complaint, she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it. Cox v. Franklin
(Jan. 10, 1974), Cuyahoga App. No. 32982, unreported. Appellant has presented no evidence to show that appellee actually received service. It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service."
The Rafalski case has been interpreted by this court to stand for the proposition that:
 "`While some cases hold that an uncontroverted affidavit is sufficient to require the default judgment to be found void ab initio, these holdings do not prohibit the trial court from assessing competency and credibility. Therefore, we find that the trial court must determine whether sufficient evidence of nonservice was presented to find the default judgment void ab initio.' United Home Fed. v. Rhonehouse
(1991), 76 Ohio App.3d 115, 125." Redfoot v. Mikouis
(Nov. 29, 1996), Trumbull App. No. 96-T-5398, unreported, at 2, 1996 WL 761224.
In the case at hand, it is our view that residence service was achieved by a bailiff personally serving the summons at the usual place of residence, the apartment for which appellant signed a lease. Additionally, the record reveals that the summons was left with a person of suitable age and discretion then residing there, i.e. appellant's daughter. Appellant's summons was served upon Jacquelin at the apartment address, with a notation by the bailiff that Jacquelin indicated that appellant "does not live at this address." Even though appellant did not live at the address where service was made, it is not unreasonable to conclude that she could be served there since she co-signed the lease to the apartment for her daughter. As a result, we cannot conclude that the trial court erred in refusing to vacate the judgment since appellant has failed to meet the first and second prongs of the GTE test.
Moreover, appellant failed to meet her burden of demonstrating the third prong of GTE test that her motion was made within a reasonable time. Appellant did not attend a hearing on her first motion for relief from judgment and she filed a second motion for relief from judgment almost eleven months after she received garnishment documents in the mail. Appellant failed to establish that the motion was filed within a reasonable time. Consequently, it is our determination that the trial court did not err in refusing to vacate the judgment against appellant.
For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Painesville Municipal Court is affirmed.
 ___________________________________ DONALD R. FORD, PRESIDING JUDGE
NADER, J., O'NEILL, J., concur.