[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Keith Mustin pleaded guilty to two separate charges of attempted rape.[1] In the first attack, Mustin seized a fourteen-year-old girl in the stairwell of the Hamilton County Public Library, covered her mouth with his hand, removed her shorts and began to fondle her. Some three months later, Mustin again similarly forced himself upon a different victim in the stairwell of the public library. Both victims were able to free themselves sufficiently from Mustin's grasp to scream, causing him to flee.
The trial court accepted Mustin's guilty plea on both counts, imposed sentence, and, as required by statute,[2] considered whether Mustin was to be adjudicated a sexual predator. After reviewing the evidence, the trial court determined that Mustin was a sexual predator. Mustin now objects to that determination and raises three assignments of error. Mustin first claims that insufficient evidence was presented for the trial court to conclude that he was likely to commit another sexually-oriented offense. Next, Mustin believes that the trial court failed to provide him with proper notice that a sexual-predator hearing was to take place. Finally, Mustin complains that the sexual-predator statute is unconstitutional. We overrule all three of Mustin's assignments of error and affirm the judgment of the trial court.
A sexual predator is a person who (1) has been found guilty of a sexually-oriented offense and (2) is "likely to engage in the future in one or more sexually-oriented offenses."[3] Since attempted rape is defined as a sexually oriented offense,[4] the first condition for Mustin's adjudication as a sexual predator was met. Mustin, however, claims that there was insufficient evidence to support the trial court's finding that he is likely to engage in the future in one or more sexually-oriented offenses.
Mustin must have been proved a sexual predator by clear and convincing evidence.[5] Clear and convincing evidence is more than a preponderance of the evidence, but less than the certainty required to convict a criminal defendant beyond a reasonable doubt.[6] Clear and convincing evidence produces in the mind of the trier of facts "a firm belief or conviction as to the facts sought to be established."[7]
To assist the trial court in deciding whether a sexually-oriented offender is likely to re-offend, the legislature has provided a non-exclusive list of factors to be considered.[8] The trial court correctly considered the young age of one of the victims.[9] Evidence was also presented that Mustin had prior juvenile adjudications involving violence,[10] and violations of the conditions of his parole.[11]
There were multiple victims,[12] and the two separate incidents were sufficiently similar to constitute a pattern of conduct.[13] On this record, there was a sufficient basis for the trier of fact to have concluded, by clear and convincing evidence, that it was likely that Mustin would engage in the future in one or more sexually-oriented offenses. Mustin's first assignment of error is overruled.
Next, Mustin complains that he was not given sufficient notice that a determination on his classification as a sexual predator would be made at his sentencing. Mustin cites an unreported decision from this court to bolster his argument.[14] In that case, however, we stated that "[t]he notice must be sufficient to apprise the defendant of the action's pendency so that the defendant may present his or her objections."[15]
In this case, the transcript of the hearing reveals that, before Mustin's plea was even accepted, the prosecutor had stated in open court that if the parties were to proceed to sentencing that day, a hearing on whether Mustin was to be adjudicated a sexual predator would be required. Mustin did not object. In fact, when the prosecutor and the trial court appeared to have forgotten this post-sentencing requirement, it was Mustin's own attorney who reminded the court of its obligation. Further, the adjudication proceeded without objection or a request for a continuance. Under these circumstances, we hold that Mustin was properly notified of the adjudication, and we overrule his second assignment of error.
Finally, Mustin contends that the sexual-predator statute itself violates Section 10, Article I, of the U.S. Constitution. This argument has been rejected by the Ohio Supreme Court.[16] Accordingly, Mustin's third and final assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed, and a certified copy of this Judgment Entry shall constitute the mandate to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt P.J., PAINTER, and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See R.C. 2923.02(A) and 2907.02(A)(2).
[2] See R.C. 2929.19(A)(2).
[3] See R.C. 2950.01(E).
[4] See R.C. 2950.01(D).
[5] See R.C. 2950.09(C)(2)(b).
[6] See Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
[7] Id.
[8] See R.C. 2950.09(B)(2).
[9] R.C. 2950.09(B)(2)(c).
[10] R.C. 2950.09(B)(2)(b).
[11] R.C. 2950.09(B)(2)(f).
[12] R.C. 2950.09(B)(2)(d).
[13] R.C. 2950.09(B)(2)(h).
[14] See State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported.
[15] Id, citing In re Foreclosures of Liens (1980), 62 Ohio St.3d 333[62 Ohio St.2d 333], 405 N.E.2d 1030, paragraph one of the syllabus; Sampson v. Hooper Holmes, Inc. (1993),91 Ohio App.3d 538, 540, 632 N.E.2d 1338, 1340.
[16] See State v. Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122.