DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-Appellant Marjorie Wright has appealed from a judgment of the Akron Municipal Court that denied her Civ.R. 60(B) motion to vacate judgment. This Court reverses.
 I
On August 17, 1999, Appellee Creditrust Corporation[1], fka Oxford Capital Corporation and an assignee of Bank One of Akron, filed a complaint in Akron Municipal Court for money owed against Appellant. The certified mail service of the summons and the complaint were returned "unclaimed." On September 16, 1999, the clerk of courts re-issued the summons and the complaint via regular mail. Neither the clerk of courts nor Appellee received a response to the summons or the complaint. On October 29, 1999, default judgment was entered against Appellant for $14,310.80, including accrued interest at a rate of twenty-four percent per annum from June 18, 1999. Court costs were also charged to Appellant.
On September 22, 2000, the court ordered a garnishment of Appellant's property for $18,815.65. The garnishment was sent to Appellant's bank, National City Bank. On October 26, 2000, Appellant filed a motion for relief from the default judgment. She attached a sworn affidavit to her motion that explained her failure to respond to the summons and the complaint.
In her affidavit, Appellant testified that she never received service of the summons or the complaint. Appellant also stated that she never received notice of the default judgment. She testified that she first became aware of the default judgment when she discovered the garnishment on her bank account. Appellant denied owing money to Appellee. She stated that she was told that Roxbury Acquisition Corp. ("Roxbury") acquired her loan from Bank One. Appellant paid Roxbury monthly and on August 16, 2000, the loan was declared paid in full. Appellee has inadvertently lost or destroyed all hard records relating to Appellant's loan.
On June 13, 2001, the trial court denied Appellant's Civ.R. 60(B) motion. The trial court found that Appellant failed to express a proper reason to vacate the default judgment pursuant to Civ.R. 60(B) and that the motion was not timely filed. Appellant has appealed the denial of her motion, asserting two assignments of error.
 II Assignment of Error Number One The trial court's denial of Appellant's motion for relief from default judgment was an abuse of discretion, was contrary to law and was against the manifest weight of the evidence.
In her first assignment of error, Appellant has argued that the trial court's denial of her motion for relief from default judgment was an abuse of discretion. This Court agrees.
This Court reviews a trial court's denial of a Civ.R. 60(B) motion for relief from default judgment under an abuse of discretion standard. Stateex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Wolons (1989), 44 Ohio St.3d 64, 68, quotingState v. Adams (1980), 62 Ohio St.2d 151, 157.
To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
Seidner, 76 Ohio St.3d at 151, quoting GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of the requirements are not established, "the motion should be overruled." Rose Chevrolet, 36 Ohio St.3d at 20. But "a movant's burden is only to allege a meritorious defense, not to prove that [she] will prevail on that defense." Rose Chevrolet, 36 Ohio St.3d at 20. Further, "[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." GTE, 47 Ohio St.2d 146 paragraph 3 of the syllabus.
While Appellant's motion for relief from default judgment contained boiler plate Civ.R. 60(B) language, her attached affidavit included facts to support the elements for relief. First, Appellant had a meritorious defense to present against Appellee's claim for money owed. Appellant testified that she was told Roxbury acquired her loan from Bank One. From May 1998 until August 2000, Appellant made monthly payments to Roxbury. Appellant attached to her Civ.R. 60(B) motion a cancelled check payable to Roxbury with references to Bank One in the memo section, an account settlement agreement with Roxbury referring to Bank One of Akron as the original creditor, and an account settlement form with Bank One listed as the original creditor.
As Appellee pointed out, the account numbers for the Bank One and Roxbury accounts differed. However, Appellee failed at the trial court, and has failed in its arguments to this Court, to identify any evidence contradicting Appellant's testimony. Appellee has inadvertently lost or destroyed all hard records relating to Appellant's Bank One loan. Moreover, Appellant presented records showing a loan from Roxbury that listed Bank One as the original creditor, and it has not been alleged that Appellant had more than one loan from Bank One. Therefore, based on the evidence in her affidavit, Appellant demonstrated to the trial court that she had a meritorious defense to present if relief was granted from the default judgment.
Appellant's testimony also satisfied the second requirement for relief from default judgment. Civ.R. 60(B) provides,
 the court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
Appellant's motion for relief from default judgment contained evidence to support relief under Civ.R. 60(B)(5), known as the "catch-all" provision. "A failure of service constitutes good grounds for a trial court to vacate a judgment pursuant to Civ.R. 60(B)(5)." American BonusGroup Inc. v. Vukich (Feb. 9, 1999), Summit App. No. 19089, unreported, citing Rogers v. United Presidential Life Ins. Co. (1987),36 Ohio App.3d 126, 128.
"Fundamental due process requires `notice' sufficient to apprise the defendant of the action's pendency so that objections by the defendant may be presented." Sampson v. Hooper Holmes, Inc. (1993),91 Ohio App.3d 538, 540. Appellant testified that she did not receive notice of the summons, complaint, or default judgment. Certified mail service was returned to the clerk of courts as "unclaimed" and the regular mail service was not returned. But, "even where service has been in compliance with the Civil Rules, the presumption that service is complete is rebuttable by sufficient evidence that service was not accomplished." Simon Karam Enterprises v. Cook (Apr. 30, 1997), Summit App. No. 17960, unreported at 4-5, citing Rafalski v. Oates (1984),17 Ohio App.3d 65, 66; See, also Vrbanac v. Zulick (Jan. 10, 2001), Summit App. No. 19864, unreported at.
In Cook, a factually similar case, certified mail service was returned "unclaimed," regular mail service was not returned, and the appellants filed affidavits stating they were not served. No evidence contradicting the appellants' testimony was presented. This Court found that an uncontroverted affidavit is sufficient to rebut the presumption that service was complete. Cook, at 5.
Where a party seeks to have a judgment vacated by making an uncontradicted sworn statement that she never received service of the complaint, "she is entitled to have the judgment against her vacated even if her opponent complied with Civ.R. 4.6 and had service made at an address where it could reasonably be anticipated that the defendant would receive it." Vukich, supra 4-5, quoting Rafalski,17 Ohio App.3d at 66-67. "It is reversible error for a trial court to disregard the unchallenged testimony that a person did not receive service." Id.
Appellant established that she is entitled to relief from default judgment under Civ.R. 60(B)(5) because of failure of service. Through her affidavit Appellant rebutted the presumption that service was complete. Appellant presented uncontroverted testimony that she did not receive notice of the action through the summons, complaint, or default judgment. Therefore, Appellant satisfied the second requirement to prevail under a Civ.R. 60(B) motion for relief from default judgment. Additionally, this Court has found that "where service of process has not been accomplished, any judgment rendered is void ab initio." Sampson,91 Ohio App.3d at 540; see, also, Miller v. Trust (Nov. 8, 2000), Summit App. No. 19874, unreported, 4-5.
This Court also notes that Appellant satisfied the timeliness requirement to prevail on a motion to vacate default judgment. Appellant's motion for relief from the default judgment was made within a reasonable time. Appellant filed her Civ.R. 60(B) motion a month and a few days after learning of the default judgment and within a year of the date the default judgment was filed. Appellee correctly states that the default judgment was granted on October 29, 1999, and Appellant did not file her motion until October 26, 2000, but Appellant was not aware of the default judgment until after the garnishment order of September 22, 2000. Therefore, based on the facts of this case, Appellant's motion for relief was made within a reasonable time.
This Court concludes that the trial court abused its discretion in denying Appellant's motion for relief from default judgment. The trial court improperly found that Appellant failed to denote a proper reason to vacate judgment pursuant to Civ.R. 60(B) and that the motion was not timely filed. Appellant presented uncontroverted evidence to support her Civ.R. 60(B) motion and the record shows that Appellant acted quickly in filing her motion once she became aware of the default judgment. Therefore, the trial court abused its discretion in denying Appellant relief from the default judgment. Appellant's first assignment of error is sustained.
 Assignment of Error Number Two The trial court's denial of Appellant's motion for relief from default judgment without holding an evidentiary hearing was contrary to law and an abuse of discretion.
Appellant's second assignment of error is rendered moot by our resolution of Appellant's first assignment of error. App.R.12(A)(1)(c).
 III
Appellant's first assignment of error is sustained and Appellant's second assignment of error is moot. The judgment of the trial court is reversed.
Judgment reversed, and remanded for proceedings consistent with thisopinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BAIRD, P.J.
BATCHELDER, J. CONCUR
[1] Creditrust Corporation has been inconsistently identified throughout the proceedings as "Creditrust," "Credit Trust," and "Credittrust."